FRED WESTERCAMP v. CHARLES BROOKS and JOHN BOND, Appellants.

**Personal Injury Damages:** INSTRUCTIONS ON FUTURE PAIN: *Jury question.* An instruction, in an action for injuries, authorizing damages for future pain, and mental anguish, is not objectionable, on the ground that there might be a future disability without pain, suffering or mental anguish; that question being dependent on the character of the injury, which is a question for the jury.

SAME. An instruction authorizing the jury to allow plaintiff such reasonable sum as they shall award him on account of physical pain and mental anguish he has suffered and will suffer in the future by reason of his injury, if any, is not objectionable, on the ground that it authorizes the jury to allow for elements of injury which were merely possible, and not reasonably certain to continue.

**Plea and Charge:** PERSONAL INJURY DAMAGES. Where a petition alleges that plaintiff received serious and permanent injuries; "that he will be incapacitated from working or earning wages;" that in the treatment of such injuries plaintiff has expended $41 for doctor bills, and he will in the future incur additional doctor bills by reason of said injury; and asks to recover for doctor bills as aforesaid, and for physical pain and suffering, and for mental anguish and for his permanent injuries,—an instruction authorizing damages for future pain, mental anguish, etc., was not objectionable, on the ground that petition made no claim for future pain and suffering.

**Misconduct in Argument:** *Without prejudice.* Where in an action for injuries caused by defendant's negligent driving, plaintiff's counsel in argument, attempted to bring before the jury the fact that defendants were in the habit of racing with others, but, on objection being made, counsel claimed the statement to be argument merely and not a statement of fact, and the court and plaintiff's other counsel instructed the jury not to consider any matter outside the record, such statement was without prejudice.

*Appeal from Mahaska District Court.*—HON. A. R. DEWEY, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION to recover damages for personal injuries sustained, as is alleged, by reason of the defendants and one Scott Hanks willfully, carelessly, and negligently, and in disregard of the rights of the plaintiff, racing and running horses driven by them in a public highway, whereby plaintiff's team became frightened and ran away, and plaintiff was, without fault on his part, seriously and permanently injured in his shoulder, back, and breast. Plaintiff alleges that, by reason of said injuries, he was confined to his bed for seven weeks, "and he will be in the future be incapacitated from working or earning wages," and that he expended $41 for treatment, "and he will in the future incapacitated from working or earning wages," and He asks to recover $2,500 "for doctor bills, as aforesaid, and for loss of time, as aforesaid, and for physical pain and suffering, and for mental anguish, as aforesaid, and for his permanent injuries, and for interest and costs of suit." The defendant Hanks was not served, and the defendants Brooks and Bond answered, denying generally the allegations of the petition. Verdict and judgment were rendered in favor of the plaintiff for $500. Defendants appeal.— *Affirmed.*

*Bolton, McCoy & Bolton* for appellants.

*B. W. Preston* and *Burrell & Devitt* for appellee.

GIVEN, C. J.—I.   Appellant's first contention is that the verdict is contrary to instructions, not supported by the evidence, and is the result of passion and prejudice. The court instructed to the effect that, if defendants Bond and Brooks were driving in an ordinarily careful manner, and that Hanks drove his team rapidly, and scared plaintiff's team, and it ran away, the verdict should be for both defendants. No complaint is made of the instructions, but it is

contended that the evidence shows just that state of facts, and therefore the verdict should have been for the defendants. As we read the evidence, it is in sharp conflict as to the conduct of the defendants. We should not take space to set out nor discuss it here. It is sufficient to say that it presented a question for the jury, and that their finding has such support in the evidence that we may not disturb the verdict on this ground.

II.   Appellant complains of certain statements made by appellee's counsel in the opening argument. The record shows that in the cross-examination of defendant Brooks, and in the opening argument, appellee's counsel endeavored to get before the jury, as a fact, that Brooks was in the habit of racing and passing the teams of others in the highway; that he had run a man into a wire fence, and that he had taken the wheels off a boy's buggy. This was done notwithstanding the rulings of the court excluding such evidence. Surely such conduct must be condemned, but from the record we are convinced that it was without prejudice to the appellants. When objection was made to the argument, counsel claimed that he did not make the statement as a fact, but as argument; that he "imagined that Brooks did as above stated." The court said in presence of the jury that he would instruct "not to consider any statements outside of the record," and did so instruct. The other counsel for appellee, in the closing argument, said that he withdrew the remarks complained of, and requested the jury not to consider any matter outside of the record. With the jury so advised there was no prejudice to appellants.

III.   The court, in instructing as to the elements of damage, directed the jury that it should allow plaintiff "such reasonable sum as you shall award him on account of physical pain and mental anguish he has suffered and will suffer in the future by reason of his injuries, if any." Appellants contend that no claim is made

in the petition for future pain and suffering, and no evidence to support such a claim, and therefore it was error to so instruct. As we have seen, the petition alleges that plaintiff received "serious and permanent injuries; that he will be in the future incapacitated from working or earning wages; that in the treatment of said injuries plaintiff has expended the sum of $41 for doctor bills, and he will in the future incur additional doctor bills by reason of said injury." He asks to recover "for doctor bills, as aforesaid, and for loss of time, as aforesaid, and for physical pain and suffering, and for mental anguish, as aforesaid, and for his permanent injuries." Appellants cite *Shultz v. Griffith,* 103 Iowa, 151, wherein it is alleged that "by reason of the wound, plaintiff became sick, sore, and lame, and suffered great bodily pain and mental anguish, and continued to suffer for a long time thereafter; that plaintiff has suffered great pain and loss of time, and was put to a great expense." We said: "These allegations are all in the past tense, and do not even inferentially allege or claim damages for future pain or anguish." There were no allegations of permanent injuries, future incapacity, or future doctor bills, as are alleged in this case. In *Meier v. Shrunk,* 79 Iowa, 18, it was alleged that "the plaintiff became sick, sore, and lame, and so continued for a long time, and is not yet fully recovered therefrom, during all of which the plaintiff thereby suffered great pain and was thereby prevented from performing his lawful business." We said: "This is sufficient allegation to sustain an allowance of damages for loss of time, and the charge that he has not yet recovered from his injuries was a sufficient claim for future disability to warrant the court in submitting the question as to future damages." It is argued that there may be future disability without pain, suffering, or mental anguish,—that will depend upon the character of the injuries, and it is for the jury to determine whether future pain and suffering will result therefrom. The claim in the

petition was sufficient to warrant the court in submitting the question of future pain and suffering, and there was evidence to support the claim therefor. There was no error in refusing the third, fourth, fifth, and sixth instructions asked by appellants.

IV. As to allowing for physical pain and mental anguish, the court instructed as follows: "Fourth. Such reasonable sum as you shall award him on account of physical pain and mental anguish he has suffered and will suffer in the future by reason of his injury, if any." Appellants complain of this instruction, and cite *Ford v. City of Des Moines*, 106 Iowa, 95. The fault of the instruction in that case, and in *Fry v. Railway Co.*, 45 Iowa, 416, was it they authorized the jury to allow for "pain and inconvenience and impairment of enjoyment for such time as the same may continue, as shown by the evidence, in the future. In other words, the jury was authorized to allow the plaintiff for pain, inconvenience, and impairment of enjoyment which the evidence showed might continue in the future, which was merely possible, not for what the evidence showed was reasonable certain to continue. In this respect the charge was erroneous." In this case the jury was instructed to only allow such reasonable sum as it should award on account of physical pain and mental anguish he has suffered and will suffer in the future, not that which was merely possible, but which was reasonably certain to continue, thus obviating the very fault in the instructions in the case cited.

We find no error in the record prejudicial to appellants, and the judgment is therefore AFFIRMED.