ELIZABETH PARKS, Appellee, v. TOWN OF LAURENS, Appellant.

Exclusion of evidence: HARMLESS ERROR. The exclusion of evidence regarding a matter which has been established by the undisputed testimony of other witnesses is not prejudicial error.

Personal injury: DAMAGES: FUTURE SUFFERING: INSTRUCTION. An instruction in a personal injury action that recovery for future pain and suffering must be limited to such as may be found from the evidence that plaintiff will suffer is proper, and not objectionable as permitting damages for future suffering not reasonably probable.

Trial: VERDICT: COERCION BY COURT. Where the jury reported to the court that it had not yet reached an agreement and that the question on which it was divided was one of fact, it was not

improper for the court, in ordering them to again retire for further deliberation, to suggest the desirability of their agreeing upon a verdict, and had no tendency to coerce a verdict not the deliberate judgment of the jury.

*Appeal from Pocahontas District Court.*—HON. A. D. BAILIE, Judge.

TUESDAY, JANUARY 9, 1912.

ACTION at law to recover damages for personal injury. Judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. M. Berry* and *F. C. Gilchrist,* for appellant.

*Healy & Healy* and *R. B. Burnquist,* for appellee.

WEAVER, J.—The plaintiff, a woman of sixty-eight years, claims to have fallen from a public street crossing into the gutter below, breaking her arm and receiving other injuries. This accident, she avers, was the direct result of the defendant's negligence in the construction and maintenance of the crosswalk, and without negligence on her own part. The specific negligence charged is that the apron or sloping part at the end of the crossing was too narrow to afford a reasonably safe passage, and was left without guards or lights to enable persons rightfully using the same to avoid stepping or falling into the gutter. The defendant denies that it was in any way negligent with respect to the crossing, and denies that plaintiff was in the exercise of reasonable care for her own safety at the time of her injury.

The facts attendant upon plaintiff's injury are, in most respects, the subject of no material dispute. With her husband and others, she was returning to her home from church about nine o'clock on the evening of January 24, 1909. It was quite dark, and upon approaching this cross-

ing plaintiff's husband suggested that they proceed in single file. Thereupon plaintiff took the lead, and in attempting to make the passage she stepped over the outer edge of the plank with her left foot and fell, receiving the injury of which she complains. Appellant does not argue that plaintiff failed to make a case for the jury, but seeks a reversal because of alleged prejudicial errors occurring upon the trial.

It is first said that the court improperly sustained plaintiff's objection to certain cross-examination of the street commissioner of the town. This witness was called

1. EXCLUSION OF EVIDENCE: harmless error.

by the plaintiff, and testified to the condition of the crossing in question and the materials of which it was constructed. On cross-examination, he was asked if the crossing was not made of three twelve-inch plank, and, upon plaintiff's objection that the inquiry did not pertain to anything brought out in the direct examination, the answer was excluded. It may be conceded, for the purposes of the case, that this ruling was erroneous, but it was clearly without prejudice to the defense, for the measurements of the crossing and the size, width, and number of plank used in its construction were established by the undisputed testimony of other witnesses.

Again, it is said the court erred in failing to instruct the jury that damages for future pain should not be allowed, except upon an affirmative showing that plaintiff

2. PERSONAL INJURY: damages: future suffering: instruction.

would, in all reasonable probability, undergo such suffering as the result of her injuries. The authorities cited in support of this objection are all directed to criticism of instructions in which juries have been told that a plaintiff, entitled to recover for personal injuries, is entitled to damages, not only for pain and suffering he has already endured therefrom, but also for the pain and suffering which he "may" endure in the future. This is said to be

erroneous, in that it permits the jury to go into the domain of mere speculation and conjecture; and that recovery should be permitted for such future suffering only as the jury may find from the evidence the plaintiff is reasonably certain to undergo. But in the case at bar the court did not give any such loose or general instruction as is condemned in the cited cases. *Fry v. Railroad Co.,* 45 Iowa, 416; *Ford v. Des Moines,* 106 Iowa, 96; *Sanders v. O'Callaghan,* 111 Iowa, 574. On the contrary, the jury was told in clear and specific terms that recovery for future pain must be limited to such as should be found "from the evidence that the plaintiff will suffer." This states the rule even more favorably for the defendant than would an instruction couched in the language for which counsel contend. A finding that future suffering is "reasonably probable" may be justified upon less cogent showing of evidence than a finding that such suffering *will* follow. It may be that, had the court given the instruction in the language of counsel, it would not have been erroneous, but its omission is not error, if the instruction actually given sufficiently states the rule in another form. Instructions omitting the phrase which appellant thinks should have been employed, and not differing materially from the one given by the trial court in this case, have often been approved. *Kendall v. Albia,* 73 Iowa, 246; *Lamb v. Cedar Rapids,* 108 Iowa, 634. The exception can not be sustained.

Further objection is made that the court in its instructions assumed that plaintiff stepped or fell from the crossing, when there was evidence to justify a finding that she was not on the crossing, but on the ground at the side of the crossing, and thus walked into the gutter. We do not so read the record. It is there shown with clearness and without substantial dispute that when plaintiff took the lead of the party crossing the street she advanced several steps on the planked way, when, owing to the darkness or other-

wise, she stepped over the side of the apron.   Any other finding by the jury as to this fact would have been contrary to the evidence.

The case having been duly submitted, and after several hours no verdict being returned, the jury was called into court.   Having responded to the inquiries of the court that an agreement had not yet been reached, and that the question over which the jurors had divided was one of fact, the court ordered them again to retire for further deliberation, saying: "It seems to me you ought to be able to agree upon a verdict.   It is desirable that you agree."   This action is said to have been an undue interference with the functions of the jury, and had a tendency to coerce a verdict which did not reflect the deliberate and unbiased opinion and judgment of all the jurors.   We think the objection is untenable.   The court may very properly suggest to the jury the desirability of an agreement; and, so long as care is taken to avoid any expression of opinion as to the merits of the case, or suggestion as to the nature of the verdict to be returned, the admonition is not open to just criticism.   It is, of course, possible that such advice, by too insistent repetition, emphasized by repeated refusals to accept a reported disagreeement, may amount to moral coercion, and therefore prejudicial error, but nothing of that kind is shown in the case at bar.   The jury had not expressed any opinion that an agreement was impossible, and had made no request to be discharged; and there is nothing whatever in the record to suggest the thought that the verdict does not fairly represent the final, deliberate and unanimous opinion of all its members.

Nothing is shown which will justify us in ordering a new trial, and it follows that the judgment of the district court must be, and it is, *affirmed*.

3. TRIAL: verdict: coercion by court.