[L. A. No. 4136. Department One.—April 16, 1918.]

ARNOLD GUMPEL, Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

NEGLIGENCE — STREET RAILWAY — INJURY TO PASSENGER — ACTION FOR DAMAGES — PLEADING — SUFFICIENCY OF COMPLAINT.—A complaint alleging that plaintiff was a passenger for hire on defendant's street-car, that while the car was rounding a curve at a speed of about twenty miles an hour plaintiff was thrown from the car and injured, that the defendant was negligent in that the speed of twenty miles an hour in rounding the curve was excessive, that the defendant failed to provide straps or other facilities for passengers, while standing, to hold on to, and that the car gave a sudden jerk, by reason of which the plaintiff was thrown from the car, sufficiently stated a cause of action.

ID.—VERDICT SUSTAINED BY EVIDENCE.—The evidence in such case examined and found sufficient to sustain a verdict for the plaintiff.

Id.—Contributory Negligence—Plaintiff's Knowledge of Danger—Question for Jury.—The contention that plaintiff was guilty of contributory negligence as a "matter of law" in not taking proper precautions to guard himself from the danger of falling or being thrown off the car as it approached a curve, the existence of which he knew, and at a rate of speed of which he was aware, was not tenable, the question of contributory negligence in such cases being one which should properly be submitted to the jury.

Id.—Measure of Damages—Instructions.—Instructions to the jury to take into account, in considering damages, the pain and suffering the plaintiff had undergone, and any pain and suffering resulting from the injury he would yet undergo, and also his loss of time and ability to earn money up to the time of trial as well as loss of ability due to the injury which would result in the future, correctly stated the rule for the admeasurement of damages in such case.

Id.—Refusal of Instructions — Questions Sufficiently Covered.—The refusal of instructions, where the subject matter has been sufficiently covered by instructions given, is not error.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

Read G. Dilworth, and Titus & Davin, for Appellant.

James E. O'Keefe, and C. H. Van Winkle, for Respondent.

RICHARDS, J., *pro tem.*—This is an appeal from a judgment in plaintiff's favor and from an order denying the defendant's motion for a new trial, in an action for damages for personal injuries sustained by the plaintiff through being thrown from a street-car of the defendant while it was rounding a curve at the corner of First and Spruce Streets, in the city of San Diego.

The appellant assails the plaintiff's amended complaint as not stating a cause of action. The plaintiff in his said complaint, after averring that he was a passenger for hire upon the defendant's car, goes on to allege that the said car "proceeded in a northerly direction on its said street-car line, and at that certain point on the corner of First and Spruce Streets, while said car was rounding said curve, and while the same was traveling at a rate of speed of twenty miles per hour

or thereabouts, plaintiff was thrown from said car and injured as hereinafter set forth." The plaintiff then proceeds to allege "that the said defendant company was negligent in the premises, in this . . . (b) in rounding said curve at an excessive rate of speed, to wit, twenty miles per hour or thereabouts; (c) in its failure to provide straps or other facilities for passengers standing to hold on to. . . . That by reason of the negligence aforesaid plaintiff was thrown from said car, as hereinbefore alleged, and struck the ground with great force, and by reason thereof, and by reason of said negligence, received a severe injury," etc. At the trial the plaintiff further amended his complaint by alleging that as the car ran on to the curve, "it gave a sudden and violent jerk, by reason of which and at which time plaintiff was thrown from said car and injured." We are of the opinion that the complaint as thus amended sufficiently stated a cause of action.

The appellant next contends that the evidence is insufficient to justify the verdict, in that it fails to show that the accident was the result of any negligence on the part of defendant company. The plaintiff himself testified in relation to the accident; that he had boarded defendant's car at the corner of B and Third Streets at some time after 11 o'clock on the night of his injury. It had been raining; the car was very crowded, persons were standing on the front and rear platforms and on the steps of the car; he gained standing room on the rear platform, and, as some of the passengers got off, was able to step over to the door of the car but could not get inside because of its crowded condition; he was standing leaning against the door when the car came down the steep hill above the curve going very fast, about twenty miles an hour; he had a package under his right arm and was trying to get hold of the piece that runs down from the roof to the floor; the car made a terrible jerk at the curve and threw him off. The plaintiff also testified that he had been accustomed to ride on this car along this portion of its route and knew that the hill and curve were there. There was other testimony supporting plaintiff, to the effect that the car was going at a more rapid rate of speed than usual as it approached the curve. There was also evidence on the part of the defendant contradicting that of the plaintiff as to the rate of speed of the car and as to a jerk at the curve, which it is not necessary to recite in detail, for it is evident that there was suffi-

cient evidence presented in support of the plaintiff's case to make it a proper case for the jury, upon the authority of *Babcock* v. *Los Angeles Traction Co.,* 128 Cal. 173, [60 Pac. 780], and *Graff* v. *United Railroads, post,* p. 171, [172 Pac. 603].

It is next contended by the appellant that the plaintiff was guilty of contributory negligence as a matter of law, in not taking proper precautions to guard himself from the danger of falling or being thrown from the car as it approached a curve, the existence of which he knew, and at a rate of speed of which he was aware.   Appellant cites numerous cases from this and other jurisdictions which it claims supports this position.   But upon this point also the most recent and approved decisions of this court are to the effect that under like circumstances to those disclosed in the case at bar the question of the plaintiff's contributory negligence is one which should properly be submitted to the jury.   The most recent utterance of this court upon the subject, citing and sustaining earlier cases, is that of *Graff* v. *United Railroads, supra.*

The appellant further urges that the court erred in giving the following instructions:

"In fixing the compensation you take into account, if you find that he, by reason of the negligence of the defendant, had been injured, then you take into account the extent of his injuries, and whatever pain and suffering, either physical or mental, he has undergone by reason of that injury, resulting from the negligence of the defendant, and what pain and suffering he will yet undergo which can be traced and is the result of that injury.

"You also take into account his loss of time, that is, his inability to earn money, which has resulted from the injury which he received by the negligence of the defendant, whatever loss of time, loss of ability to earn money, has resulted up to this time, and whatever loss of time or loss of ability to earn money will result in the future, and which can be traced by you to the result of this injury, and due to the negligence of the defendant."

It is the appellant's contention that these instructions violate the rule laid down in the case of *Melone* v. *Sierra Ry. Co.,* 151 Cal. 117, [91 Pac. 522], in that they permit the jury to speculate upon the future pain and suffering of the plaintiff, and also as to his loss of time and ability to earn money; and do not confine these elements of damage to that detriment

which would be certain to result from the plaintiff's injury. The difference between the instructions which were the subject of the court's criticism in the Melone case and those above quoted is clear upon a comparison of the two sets of instructions. In the Melone case the instructions as to the plaintiff's future injuries were phrased in the subjunctive, and it was in this that their vice consisted; while in the case at bar the court instructed the jury that in estimating the compensation which the plaintiff could recover as a result of his injuries, it could take into account "what pain and suffering he will yet undergo, which can be traced and is the result of that injury"; and as to the plaintiff's future loss of time and of ability to earn money, the court confined the jury to that "which can be traced by you to the result of this injury and due to the negligence of the defendant." These are, in effect, instructions to the jury that the plaintiff was to be limited in his right to recovery as to these elements of damage to such damages as it was reasonably certain he would suffer in the future, and they are thus within the rule declared to be the correct rule for the admeasurement of such elements of damage in the Melone case, and to such as are permissible under section 3283 of the Civil Code.

The appellant finally contends that the court erred in its refusal to give certain instructions requested by the defendant and dealing with particular phases of the evidence in the case. It is not necessary to set forth in detail these instructions nor refer to the argument or authorities cited by the appellant in their support, for the reason that the court, after a careful examination of the whole body of instructions given by the trial court, is of the opinion that they sufficiently cover the points emphasized by the defendant in its suggested instructions, and that, upon the whole, the jury were fully and fairly instructed as to the rules of law by which they were to be governed in arriving at their verdict; and hence that there was no error committed in refusing to give the instructions requested by the defendant.

Judgment and order affirmed.

Sloss. J.. and Shaw, J., concurred.