[Civ. No. 3182. First Appellate District, Division One.—January 26, 1920.]

ROBERT E. TURNER, Respondent, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Appellant.

[1] NEGLIGENCE—COLLISION BETWEEN STREET-CAR AND AUTOMOBILE— VERDICT—EVIDENCE.—In this action for damages for personal injuries, alleged to have been caused by the negligence of defendant in so propelling one of its street-cars that it struck plaintiff's automobile while stalled on the track in plain view of the motorman in charge of the car, and also struck plaintiff, who was standing on the running-board of the automobile, the evidence was not only sufficient to support the verdict of the jury in favor of plaintiff, but warranted the conclusion that at the time of the accident the street-car of the defendant was being operated in a manner amounting to a negligent disregard of the rights of persons using the street.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Gibson, Dunn & Crutcher and Norman S. Sterry for Appellant.

Geo. M. Harker and S. M. Bernard for Respondent.

WASTE, P. J.—Plaintiff brought this action for personal injuries, alleged to have been caused by the negligence of defendant in so propelling one of its street-cars that it struck plaintiff's automobile while stalled on the track in plain view of the motorman in charge of the car. It is further alleged in the complaint that, at the time, the street-

car was being operated at a dangerous and unsafe rate of speed, and was not properly provided with suitable emergency brakes, or other appliances for stopping suddenly should occasion arise. The defendant denied any negligence on its part, and pleaded contributory negligence on the part of the plaintiff as a further defense. The trial by jury resulted in a verdict for five hundred dollars, for which amount judgment was entered, and the defendant appeals. It admits that "the amount of the verdict is very small in comparison to the injuries sustained by the plaintiff," and presents for our consideration but "the single question as to the sufficiency of the evidence to sustain the verdict." It relies particularly upon the alleged contributory negligence of the plaintiff, and asserts that certain physical facts, which it seeks to have this court judicially notice, were not overcome by the evidence.

[1] There is absolutely no merit in any of appellant's contentions. The new automobile, in which were the plaintiff, his wife, and two men, stalled on the track of defendant's car line at the bottom of a perceptible grade, about 9:30 o'clock at night. By direction and assistance of a police officer the automobile was moved a few feet to the side. A street-car of defendant then passed safely, at a signal from some of the auto party, but going very slowly. The engine of the automobile could not be started by cranking and plaintiff stepped on the running-board to release the emergency brake, which was set, in order to allow the car to be pushed nearer the curb. As he did so, and before his hand reached the brake lever, another car of the defendant, coasting down the grade, at a rate of speed stated by some of the witnesses to be thirty miles per hour, collided with the automobile and, striking the plaintiff, inflicted the injuries complained of. The front part of the street-car cleared, but the rear step struck the rear left-hand hub of the automobile. The automobile had not moved after the first street-car passed. The night was clear, the view of the motorman was unobstructed, the street-car was equipped with a tungsten headlight in perfect order, and the tail-light of the automobile was burning brightly. None of those working around the automobile heard the approaching street-car or any bell ringing until just before the collision.

The evidence is not only sufficient to support the verdict of the jury, but warrants a conclusion that at the time of the accident the car of the defendant was being operated in a manner amounting to a negligent disregard of the rights of persons using the street. Without further statement of the testimony of the various witnesses, suffice it to say that every question presented by the appeal was a matter solely for the consideration of, and final determination by, the jury at the trial of the cause. (*Gumpel* v. *San Diego Electric Ry. Co.*, 178 Cal. 166, [172 Pac. 605]; *O'Connor* v. *United Railroads*, 168 Cal. 43, [174 Pac. 809].)

The judgment is affirmed, with one hundred dollars added costs imposed upon the defendant for instituting a frivolous appeal.

Richards, J., and Knight, J., *pro tem.*, concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1920.

Angellotti, C. J., Lawlor, J., Lennon, J., Olney, J., and Kerrigan, J., *pro tem.*, concurred.