[Civ. No. 3549.    First Appellate District, Division One.—September 30, 1920.]

## LILLIAN LEARNED, Respondent, v. PENINSULA RAPID TRANSIT COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—COLLISION OF MOTOR-BUS AND STREET-CAR—INJURY TO PASSENGER—PROOF OF AFFIRMATIVE DEFENSE — INSTRUCTION. — In an action for personal injuries sustained by plaintiff in a collision between a motor-bus of the defendant, upon which she was a passenger, and a street-car of a municipal railroad company, an instruction that contributory negligence on the part of a passenger cannot be presumed from the mere fact of an injury, but must be proved, and that proof of an injury to a passenger on the bus or vehicle of a common carrier casts upon the carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which human care or foresight could not prevent, or by the contributory negligence of the passenger, is not subject to the objection that the jury was thereby instructed that the defendant was required to prove by a preponderance of evidence its affirmative defense that the injuries were sustained through the negligence of the employees of the railroad company.

[2] ID.—FUTURE SUFFERING—INSTRUCTION.—An instruction that in assessing damages the jury might consider the pain and suffering, if any, endured and which will be endured as a result of the injuries, is in substantial compliance with section 3283 of the Civil Code.

[3] NEW TRIAL—NEWLY DISCOVERED EVIDENCE—INABILITY TO LOCATE WITNESS—INSUFFICIENT GROUND.—Failure by the exercise of due diligence to find a witness before trial cannot be made the basis of a motion for a new trial on the ground of newly discovered

---

2. Right to recover for future pain and suffering in action for personal injuries, note, 9 Ann. Cas. 1051.

evidence, where the moving party had knowledge before the trial of the nature of the testimony.

[4] ID.—CUMULATIVE EVIDENCE.—A new trial will not, as a rule, be granted upon a showing of the delayed discovery of evidence of a cumulative character.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Stetson & Thomson for Appellant.

Reisner & Honey for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of plaintiff in an action for damages for injuries sustained by her in a collision between a motor-bus of the defendant, upon which she was a passenger, and a street-car of the municipal railroad of San Francisco. The jury returned a verdict in plaintiff's favor for the sum of six thousand dollars, for which judgment was entered; but the court, upon defendant's motion for a new trial, ordered that, unless the plaintiff should consent to a reduction of this amount to two thousand dollars, a new trial would be granted. The plaintiff consented to this reduction, whereupon the new trial was denied.

The defendant appeals from the judgment as thus modified, and urges four points upon appeal: (1) That the court's instruction upon the burden of proof was erroneous; (2) that its instruction concerning future suffering was erroneous; (3) that the motion for a new trial upon the ground of newly discovered evidence should have been granted, and (4) that the damages were excessive.

[1] The instruction upon the burden of proof of which the defendant complains reads as follows: "Contributory negligence on the part of a passenger cannot be presumed from the mere fact of an injury, but must be proved. On the other hand, the proof of an injury to a passenger on the bus or vehicle of a common carrier casts upon the common carrier the burden of proving that the injury was occasioned by inevitable casualty or some other cause which

human care or foresight could not prevent, or by the contributory negligence of the passenger. In the answer filed by the defendant it has ,claimed that the injuries, if any, sustained by the plaintiff on the tenth day of September, 1917, referred to in plaintiff's complaint were sustained through the negligence of the operatives of the municipal street-car. I charge you that this defense is an affirmative defense, and under the law of this state the burden of proving such defense is upon the defendant; and I instruct you in this connection that if you find from the evidence that the operatives of the municipal street-car were negligent, and that the operative of the motor-bus was also negligent, then your verdict must be in favor of the plaintiff and against the defendant, Peninsula Rapid Transit Co."

The objection which the defendant urges to this instruction is that the jury is therein instructed that the defendant was required to prove by a preponderance of evidence its affirmative defense that the plaintiff's injuries were sustained through the negligence of the employees of the municipal railroad. The instruction does not so declare as did the instruction in the case of *Valente* v. *Sierra R. R. Co.,* 151 Cal. 534, [91 Pac. 481], upon which the defendant relies to support its contention in this regard; but, on the contrary, the supreme court in that case, while disapproving the instruction therein given, said: "Instructions declaring that when such an accident is shown the burden of showing want of negligence is on the defendant do not mean, according to the decisions of this state, that the defendant is compelled to show want of negligence by a preponderance of evidence. The term 'burden of showing' or 'burden of proof' used in that connection signifies simply the burden of meeting the *prima facie* case made by the plaintiff." In that case, also, the supreme court substantially approved an instruction in the form of the one above quoted; but in addition to this the trial court in the instant case gave a number of other instructions at the defendant's request, among which was the following: "Throughout the plaintiff must prove his case by a preponderance of evidence. In no case is the defendant required to offset the testimony or presumption favoring the plaintiff by a preponderance of tes-

timony. Such burden is at all times upon the plaintiff and the plaintiff alone.''

The court also instructed the jury at the request of the defendant as follows: ''Even though the defendant in this case was acting in a negligent manner, nevertheless, if that negligence was not either the sole or a contributing cause to the accident you should find in favor of the defendant.'' We think these instructions taken together correctly state the law touching the subject in respect to which they were given.

[2] The next contention of the appellant is that the court's instruction respecting the plaintiff's future suffering as a basis for damages was erroneous. This instruction reads as follows: ''If you believe from the evidence that the plaintiff, Lillian Learned, is entitled to a verdict against the defendant you may assess the amount of damages in a sum not to exceed the amount prayed for in the complaint, and in so doing you have a right to consider the character of the injuries, if any, sustained by the plaintiff; the pain and suffering, if any, endured and which will be endured as a result of said injuries sustained by her, if any; the effect of such injuries, if any, upon the plaintiff; the permanent character of said injuries, if any; what before the injuries complained of was the health and physical condition of plaintiff, her physical ability to maintain herself as compared with her condition afterwards.''

The appellant's criticism of this instruction is that it does not instruct the jury in the language of section 3283 of the Civil Code, which provides that ''Damages may be awarded in a judicial proceeding for detriment resulting after the commencement thereof or certain to result in the future,'' but that the instruction given leaves the jury to conjecture or speculation as to what suffering might thereafter be endured. We do not think the instruction is subject to this criticism. The jury is plainly instructed that it may consider ''the pain and suffering, if any, endured and which will be endured as a result of said injuries.'' This instruction, we think, is in substantial compliance with the terms of the section of the Civil Code above quoted, and that the jury were confined in their admeasurement of damages to such pain and suffering as the plaintiff would—or, in other

words, would be certain to, endure as a result of her injuries.

[3] The appellant's next contention is that the trial court should have granted its motion for a new trial upon the ground of newly discovered evidence. The gravamen of the appellant's complaint under this contention is that certain witnesses to the collision who would have testified in support of its defense that the accident occurred through the negligence of the employees of the municipal railroad, were not located by it until after the trial. As to one of these, the witness Dias, the defendant knew what he would have testified to before the trial, and hence his evidence is not to be classed under the head of newly discovered evidence for the purposes of a new trial. If he could not be found by the exercise of due diligence prior to said trial, that would have been a ground for a continuance, for which the defendant did not move; but it cannot be made the basis of a motion for a new trial under the head of newly discovered evidence.

[4] As to the other of these witnesses, we are not satisfied as to the defendant's showing of due diligence in seeking out these witnesses prior to the trial already had; but conceding that such showing was sufficient, the testimony of said witnesses would be merely cumulative upon a matter of fact upon which a number of witnesses for both sides were sworn and testified. A new trial will not, as a rule, be granted upon a showing of the delayed discovery of evidence of this character. The case of *Spear* v. *United Railroads,* 16 Cal. App. 637, [117 Pac. 956], upon which appellant relies in support of this point, does not present, in our opinion, a parallel to the instant case. The trial court was not in error in refusing to grant a new trial on this ground.

The appellant's final contention is that the damages were excessive, and in support of it certain evidence as to the extent of plaintiff's injuries is quoted in its brief. The appellant does not, however, either in said brief or in any supplement thereto, give us the benefit of the entire evidence upon this subject, but from that portion of it which the respondent supplies we are satisfied that the appellant's contention in this regard has no merit. The trial court, upon defendant's motion for a new trial upon this particu-

lar ground and with all of the evidence on the subject before it, reduced the verdict from six thousand dollars to two thousand dollars, and in so doing removed the entire basis of the appellant's claim as to the excessiveness of the original award.

No other errors being urged, the judgment is affirmed.

Waste, P. J., and Beasly, J., *pro tem.*, concurred.