**McELROY et al. v. LUSTER et al.**

**No. 15405.**

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 23, 1953.

Rehearing Denied Feb. 13, 1953.

894

Strasburger, Price, Kelton, Miller & Martin, of Dallas, for appellants.

Earl L. Coleman, of Denton, for appellees.

MASSEY, Chief Justice.

Appeal from District Court of Denton County, Ben W. Boyd, Judge.

Action by C. W. Luster et al. for damages for personal injuries against Jeff Huffman et al. Judgment for plaintiffs, and defendants appeal. Affirmed.

In the course of charging the jury upon the issue of damages sustained by appellee C. W. Luster, as to pain and suffering in the future, the court's instruction reads as follows:

"Special Issue No. 16. What sum of money, if paid now in cash, do you find from a preponderance of the evidence would reasonably compensate C. W. Luster for injuries and damages sustained by him as a direct result of the collision, if any, taking into consideration exclusively the following elements and no other: Physical and mental pain, if any you have found from a preponderance of the evidence has been suffered by him to this date, if any, *and any physical and mental pain that you may find from a preponderance of the evidence that he will suffer in the future, if any;* any decreased capacity to labor and earn money, if any you have found from a preponderance of the evidence has been sustained by him to this date, and any decreased capacity to labor and earn money you may find from a preponderance of the evidence he will sustain in the future, if any, as the direct result of the collision." (Emphasis ours.)

There was another issue in identical form in connection with the damage issue as to Wilburn Luster, the other of the appellees herein.

Appellants excepted to the submission of these issues, assigning as one of their grounds therefor, as to each, that said issues did not confine the jury to consider only that pain and suffering appellees would "in reasonable probability" endure in the future, as found from a preponderance of the evidence, if any. This exception is brought forward on appeal and appellants contend that the appellees did not bear the requisite burden upon said issues. No contention on appeal is made that the issues as submitted were not raised by the evidence.

Appellants contend that the absence of the phrase, "in reasonable probability," qualifying the court's instructions to the jury as to the future pain and suffering appellees will endure, constitutes reversible error.

As to recovery of damages relating to future pain and suffering, Texas follows

what is known as the "reasonable probability rule" in connection with the degree of certainty required as to such injuries. In a number of states it is held that damages may be recovered only for such future pain and suffering as it is reasonably certain will result from the injuries received, and this is known as the "reasonable certainty rule."

■ The courts of Connecticut, Pennsylvania, Texas, Utah, and Wyoming have refused to adopt the "reasonable certainty rule" and have held that if the jury is confined to a consideration of only such pain and suffering as it is reasonably probable will result from the injury, it is a sufficient safeguard against speculation and conjecture on the part of the jury. This is known as the "reasonable probability rule."

A comparison of the cases distinguishing and applying these rules, and comparing the same, will be found in 81 A.L.R., p. 423 et seq.

From an examination of the various articles quoted in 81 A.L.R., it will be noted that where the question has arisen in some states, the term "reasonable certainty" is equivalent to the term "reasonable probability." In others, it is held that the "reasonable certainty" term is a more stringent requirement and that it means free from doubt or reasonably free from doubt.

In Texas, in a case of some analogy to the question here, the Supreme Court in 1888, in the case of St. Louis, A. & T. Ry. Co. v. Burns, 71 Tex. 479, 9 S.W. 467, 468, said: "The use of the terms 'reasonably certain,' in defining the degree of proof required of the defendant, was clearly objectionable. 'Certain' means 'free from doubt,' (Webst. Dict. word 'certain;') and to say that proof of a fact must be made reasonably certain is by the literal import of the words tantamount to saying that the proof must be made beyond a reasonable doubt. This has been expressly held as to the phrase 'moral certainty,' (Com. v. Costley, 118 Mass. 1,) which we take it is equivalent to the words 'reasonable certainty,' (Com. v. Webster, 5 Cush., Mass., 295.)"

72 C.J.S., page 969, under the definition of the term "probable," says: "The term 'probable' is used to refer to past or future occurrences and to human judgments about those occurrences. It implies more than a mere possibility, and more than mere conjecture. It connotes being so supported by evidence as to incline the mind to belief rather than disbelief, yet leaving room for doubt. * * * In common acceptation, when applied to a condition which may be supposed beforehand, the word implies that we know facts enough about the condition supposed to make us reasonably confident of it, or, at the least, that the evidence preponderates in its favor."

In California, which by statute operates under the "reasonable certainty" rule, the same question arose in the case of Scally v. W. T. Garratt & Co., 1909, 11 Cal.App. 138, 104 P. 325, 326, 332. Substantially the same objection in that case was made to a similar instruction in the charge as in the case at hand, and the court wrote at length on the question. We will not repeat all that court said, but suffice the condensation of the holding as shown in the language of the syllabi, thus: "An instruction in a personal injury action that the jury in assessing the damages may consider the character of the injury, if any, sustained by plaintiff, the pain and suffering, if any, endured, and 'which will be endured,' if any, as the result of the injuries, if any, etc., properly limits a recovery for the suffering endured, and for such suffering as the evidence discloses he will endure in the future, since the word 'will' as employed in the instruction must have been understood in its proper sense as referring to the unconditional existence of the fact, and not in the sense of 'may,' which imports a mere possibility." See also Learned v. Peninsula Rapid Transit Co., 1920, 49 Cal.App. 436, 193 P. 591; Gumpel v. San Diego Electric R. Co., 1918, 178 Cal. 166, 172 P. 605; Chicago & M. Electric R. Co. v. Ullrich, 1904, 213 Ill. 170, 72 N.E. 815; Donk Bros. Coal & Coke Co. v. Thil, 1907, 228 Ill. 233, 81 N.E. 857; Westercamp v. Brooks, 1901, 115 Iowa 159, 88 N.W. 372; Parks v. Town of Laurens, 1912, 153 Iowa 567, 133 N.W. 1054; Ter-

ry v. Kansas City R. Co., 1920, Mo.App., 228 S.W. 885.

In Texas, the identical question was before the court in the case of Weatherford, M. W. & N. W. Ry. Co. v. White, 1909, 55 Tex.Civ.App. 32, 118 S.W. 799, 803, writ refused. The court said: "Before the jury could award appellee damages for future suffering, the jury were required by the charge to find 'from the evidence that the plaintiff will continue to suffer in the future from such injuries,' and then to award 'such a sum of money paid now as you may further believe from the evidence will fairly compensate the plaintiff for such suffering as you find from the evidence she will undergo in the future.' Appellee, and not the appellant, could complain that the charge was burdensome in requiring a finding of the suffering to be such as 'she will undergo,' instead of 'as she will reasonably and probably undergo' in the future."

The appellants cite as an authority for their position the case of Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522, 523, 524. In that case the question before the court was the sufficiency of the charge to the jury which allowed the jury to find the amount of damages that would reasonably compensate Thomas E. Fisher for physical and mental suffering *that he may have to undergo in the future as a direct and proximate result of the explosion in question.* Such is not the circumstance in this case, where the charge to the jury used the word "will" instead of the word "may."

In the case of Airline Motor Coaches, Inc., v. Guidry, Tex.Civ.App., Beaumont, 1950, 241 S.W.2d 203, 209, writ refused, n.r.e., the court, in its instruction to the damage issue on mental pain in the future on the part of the plaintiff, instructed the jury that it might consider mental pain in the future on the part of the plaintiff if there would be any in the future, omitting the qualifying words, "in reasonable probability." The Beaumont Court of Civil Appeals affirmed the judgment of the trial court, and in its opinion said: "In support of this point the appellants rely on many cases, including the case of Wichita

Transit Co. v. Sanders, 214 S.W.2d 810 by the Court of Civil Appeals of Amarillo, which without any doubt supports appellants' contention. Many other cases are cited pro and con where charges have used the word 'may' which has been condemned by many courts as being speculative, and as allowing the jury to deal with possibilities instead of probabilities in awarding damages for future pain and suffering. In the case of Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522, 523, which was recently before the Supreme Court, that court held that in a suit for personal injuries, submission of special issues to the jury for the amount of damages that would compensate injured plaintiff for physical and mental suffering 'that he may have to undergo in the future as a direct and proximate result of the explosion in question', which did not include the test of 'reasonable probability', was error. It will also be noted that in making this holding the Supreme Court cited the case of Wichita Transit Co. v. Sanders, supra. However, the question as here presented was not in the case of Fisher v. Coastal Transport Co., supra. There the word 'may' was used and here the word 'will' was used, which to our minds is a more restricted charge upon the plaintiff's right to recover for future pain and suffering than would be the term 'may in reasonable probability suffer.' The word 'will' has been defined as an auxiliary verb commonly having the mandatory sense of shall or must. It is a word of certainty while the word 'may' is one of speculation and uncertainty. See Black's Law Dictionary. We do not want to be understood as condemning the phrase 'may in reasonable probability' when used in connection with future pain and suffering. We think this phrase clearly presents the law and is more favorable to the plaintiff than a charge which provides that a jury will only consider such future pain and suffering as the plaintiff 'will' suffer. We can easily see how a plaintiff would have a right to complain of a charge which limited his recovery for future pain and suffering to such as the jury might believe from the preponderance of the evidence that he 'will' suffer. To our minds this is much more restrictive on the plaintiff's

right to recover as the jury is required to find in fact and not a reasonable probability that he will suffer. We realize that this is a close point and we have given it our serious consideration, and even though the Supreme Court has cited the case of Wichita Transit Co. v. Sanders, supra, apparently as supporting the conclusion reached by them in the Fisher v. Coastal Transport Company case, supra, yet we cannot and will not say that the charge given in this case or the charge given in the Wichita Transit Co. v. Sanders case is error unless and until the Supreme Court directly condemns it as being speculative and permits a jury to wander at will into the realm of possibilities."

In the case of Ynsfran v. Burkhart, Tex. Civ.App., Austin, 1952, 247 S.W.2d 907, 908, writ refused, n.r.e., the court charged the jury that in arriving at the amount of damages for the plaintiff it might take into consideration the diminished capacity of the plaintiff "to labor and earn money in the future", following this with an appended instruction to the effect that the jury would not take into consideration the loss of earnings, past or future, that such plaintiff in reasonable probability would experience on account of the condition and disease he had prior to the time of his injury, except in so far as that condition and disease might have been aggravated by his injury. A similar objection was made in that case as to the failure on the part of the court to qualify the future ability to labor and earn money by the plaintiff by the words, "in reasonable probability". The Austin Court affirmed the trial court's judgment awarding damages.

The fault, if any, in the instruction to the jury upon the damage issue in this case being one wherein the prejudice by the absence of the words, "in reasonable probability", was to the party upon whom the burden rested upon such issue, in view of the fact that it placed a greater burden upon him than was required by law, and resulted in a corresponding advantage to the opposite party, the appellant cannot be heard to complain of having received such an advantage.

Appellants complain further of Special Issue No. 16 on damages, as said issue relates to damages for decreased capacity to labor and earn money on the part of C. W. Luster up to the time of the trial, and in the future, as not having support in the evidence.

It appears from the statement of facts that such appellee testified that he was a farmer and had made his living out of farming all of his life; for seven years immediately prior to the time of trial, he had been operating a farm in Eastland County, where, at least up to the time he sustained his injuries, he had averaged $1400 per year in net profits made on the farm, raising peanuts, corn, potatoes, feed and produce. He testified that before he got hurt he was up and at work approximately one hour before sunrise at the farm work and sometimes worked all day. He testified further he had never missed planting a crop. He was 67 years of age at the time of the injuries and was 69 years of age at the time of the trial on June 16, 1952, and had a life expectancy from time of the trial of nine years. He is shown by competent medical evidence to have sustained severe injuries of a disabling character, which disability existed at date of the trial. His future disability was not directly testified to, but a progressive condition of pain and suffering, being experienced when he "tried to" perform duties in the nature of work and labor, does appear.

The principal complaint of appellant upon such issues is founded upon the premise that appellee's showing of profits from the occupation of farming does not meet the test as regards his decreased capacity to labor and earn money, on account of his injuries, both up to time of the trial and in the future. Although the amounts of his past earnings are not shown with mathematical exactitude, the evidence does disclose the nature and extent of his farming operations and the kind, if not the amount, of the crops he produced, and his average profits therefrom over a period of years. It is not essential under the circumstances to require him to give an exact

account of the profits from his farming and to calculate what part of such profits, if any, was due to his individual labor, as distinguished from that of the members of his family. Where there is an absence of any evidence from which the jury could properly ascertain the plaintiff's future incapacity and loss of earnings, then such finding of the jury would not support a judgment based thereon, and courts would not permit such judgment to stand. Plaintiff, however, is not required to prove the exact amount, but only the facts from which the jury, in the exercise of sound judgment and discretion, can determine the proper amount. McIver v. Gloria, 1943, 140 Tex. 566, 169 S.W.2d 710, and cases cited thereunder.

We hold that the facts shown, together with the jury's common knowledge and experience and sense of justice were sufficient to enable the jury to make a fair estimate of the value of the appellee C. W. Luster's lost earning capacity, past and future.

Judgment of the District Court is affirmed.

BOYD, J., not sitting.