## STANDARD PAVING CO. v. PYLE.

### No. 13953.

Court of Civil Appeals of Texas.
Fort Worth.
July 14, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson and Frank F. Taylor, all of Fort Worth, for appellant.

E. S. McAlester, of Dallas, and Marvin B. Simpson, Harris Brewster, and Marvin B. Simpson Jr., all of Fort Worth, for appellee.

SPEER, Justice.

Dr. J. N. Pyle, the appellee here, instituted this suit in the 48th District Court of Tarrant County against appellant, Standard Paving Company, a corporation, for damages growing out of an injury sustained while driving at night on Highway No. 5, in Cooke County, Texas.

It was alleged that appellant was under contract with the State Highway Department to repair the highway at the point where the accident occurred, and that it was obligated by said contract to keep the road open for traffic. The complaints of negligence, insofar as this appeal is concerned, consisted of a failure to keep and maintain warning signs or other barricades at the ends of the part of the road under construction, as well also at intersections thereof with other roads and streets, to show its unfinished condition and to indicate dangers incident to its use. That in constructing a certain concrete bridge thereon, appellant had failed to fill in the approach. That there was a perpendicular drop of six or eight inches from the top of the bridge to the dirt approach; that no lights, flares or other warnings were placed at said bridge to apprise appellee and the public of the dangerous condition there, and that a failure to do so was negligence and the proximate cause of appellee's injuries. That appellee, without knowledge of the existence of said dangerous conditions at said bridge, drove his car along said highway at a reasonable and lawful rate of speed in the night

time, and struck said bump at the bridge, causing his car to turn over and inflict serious injuries to his person and damages to his car.

Appellant answered with general denial and specially that it had placed barricades and warnings along said highway, disclosing that the road was under construction and that appellee had disregarded them and proceeded along the road; that he failed to keep a proper lookout while so using the highway; that he negligently applied his brakes at the time he reached said bridge and did not have his car under control, all of which said acts were alleged to be contributory negligence, and proximate causes of his injuries.

The case was tried to a jury on special issues. The verdict was for $3,000 for personal injuries, and $240 damages to the car. Judgment was entered on the verdict for appellee. New trial was denied; hence this appeal.

Appellant's 17 assignments of error are discussed in its brief, under twelve propositions. In some instances more than one proposition relate to a single assignment, and we shall consider them in that manner.

The answers to all issues were favorable to appellee, but the manner in which certain issues were submitted, along with the court's instructions, is complained of and require consideration. We think the first proposition contained in appellant's brief is well taken.

The proposition referred to is based upon its 11th assignment of error. The assignment challenges the correctness of special issue No. 8, and the court's explanation and instruction in connection with it.

Special issue No. 8, and the court's instruction relating to it, read:

"From a preponderance of the evidence, what amount, if any, has the plaintiff sustained damages arising from injuries, if any, received in the accident in question?

"In arriving at your answer to this question, you may take into consideration and allow plaintiff whatever sum of money you may find from a preponderance of the evidence will fairly and reasonably compensate him for whatever physical and mental pain and suffering he has undergone, if any, from the time of said accident up to now, and if you further find that the plaintiff will with reasonable probability, in the future, suffer physical and

mental pain and suffering, you may allow him such a sum of money as, if paid now, will fairly and reasonably compensate him for such future physical and mental pain and suffering."

Appellant filed its objections and exceptions to the charge before submission to the jury. Several objections were leveled at the charge, and the court's instruction in connection with it. One paragraph of the objections was based upon the fact that the question and instruction given "do not confine the jury, in arriving at an answer or figure of damage to a consideration of damages arising from injuries of the plaintiff or by the collision in question, but permits the jury to speculate in that connection."

The motion for new trial complained of the giving of the special issue in this language: "The court erred in the submission to the jury of question No. 8 of the court's main charge, over defendant's objections and exceptions, for the reasons and each of the reasons set forth and urged in paragraphs Nos. 7, 14 and 17 of defendant's objections and exceptions to the court's charge." The assignment of error found in appellant's brief is in the same language as that quoted from the motion for new trial.

Appellee challenges the sufficiency of the assignment of error and its consideration by us because, (1) issue No. 8 is not open to the objections raised, and the instruction given in connection with it is not complained of; (2) the motion for new trial does not complain of the wording of the instruction given in connection with special issue No. 8 but is confined to the issue alone; (3) the assignment, as framed, is multifarious, in that it refers to three reasons urged by appellant why it was improper; and (4) the appellant waived a right of review of the charge because it did not present and request the giving of a charge curing the error complained of.

[1-3] The issue considered alone is open to the objections raised by appellant. By its terms, inquiry is made as to what amount of damages plaintiff had sustained from injuries received in the accident in question. There is no restriction to the amount of damages sustained from the injuries proximately caused by appellant's negligence. Obviously he could not recover damages suffered from any other cause. The objection to the assignment because the motion for new trial did not complain

of the instruction given is overruled, since, by the wording of the motion, reference is made to the reasons urged in the objections to the charge. By reference to the objections pointed out, we find that complaint was made of the explanation and instruction given in connection with the special issue. Nor is there any merit in the objection to the assignment that it is multifarious. The assignment complains of a single specific act of the court in submitting the special issue with its accompanying instruction. It has frequently been held that an assignment of error which complains of the submission of a named special issue is good; yet there may be many reasons assigned why its submission was erroneous. The fact that more than one reason exists why it should not have been given does not leave the assignment of error open to the objection that it is multifarious. These several reasons, if they exist, may be presented separately, by propositions, reasons or points in the brief. True, amended article 1757, Vernon's Tex.Civ.St., does not provide for propositions to be contained in briefs, yet we think it a very helpful manner in which a party may raise more than one objection to a single assignment of error. Otherwise he would be required to assign the act of the court complained of as many times as he had reasons to object to it. Until a statutory provision is enacted prohibiting this procedure, we think the method a wholesome one.

■ In support of his objections to the assignment, appellee cites us to the cases of Largent v. Etheridge, Tex.Civ.App., 13 S.W.2d 974, and Mathews v. Autry, Tex.Civ.App., 65 S.W.2d 798, but a reading of those cases will disclose that they do not hold differently to rule above announced by us. The reasoning of the court in those cases is based upon the fact that the assignments of error discussed attempt to point out in one assignment more than a single specific error committed by the court, and for that reason they were condemned. The final objection urged by appellee to a consideration of the assignment of error is that since the matters complained of by appellant in connection with the charge were mere omissions by the court to restrict the recovery to the proximate results of appellant's negligence, the question cannot be raised on appeal because it was the duty of appellant to prepare and request the giving of a proper charge and,

having failed, it waived the point. Many authorities are cited in appellee's brief which support the contention. Most of these cases are found in Texas Digest, Vol. 36, Trial, pages 601 to 608, ■■■■ ■■■■■■ inclusive, and we are invited to examine the cases there cited. We find from an examination of those citations that they were prior to the changed rule announced by our Supreme Court in Gulf C. & S. F. R. Co. v. Conley, 113 Tex. 472, 260 S.W. 561, 32 A.L.R. 1183, where it is said that those cases announced a correct rule as the statutes then existed, but owing to the legislative changes, it was different when that opinion was handed down. In the last cited case (which has been consistently followed by our courts) the rule was announced that where there is a defective or erroneous charge on a subject or issue upon which the court has attempted to charge, an objection thereto by a party will entitle him to have it reviewed on appeal without the necessity of preparing, submitting and requesting the giving of a properly worded issue or charge. This seems to be the recognized rule now prevailing with our courts. The objections to a consideration of the assignment are overruled.

■ Reverting to the assignment of error which complains of special issue No. 8 and the instruction given in connection with it, we see that the jury was told they could allow damages in compensation to appellee for whatever mental pain and suffering, if any, he had endured since the date of the accident, and such as the jury might find he would in reasonable probability suffer in the future. Nothing is contained in the instruction which would limit his compensation to damages for pain and suffering occasioned by the negligent acts of appellant. While there is no evidence that appellee had suffered any physical or mental pain between the date of the accident and that of the trial, from any cause other than from the accident, yet he is allowed to recover for all pain and suffering in the future, without even a limitation to that occasioned by the accident. We cannot say to what extent the jury anticipated that a man of 64 years of age (as was appellee) would suffer physical and mental pain in the future, whether it be as a proximate result of the negligent acts of appellant or from natural causes to which persons of that age are susceptible. Assuredly the recovery

should have been limited in both the question and the explanatory instruction, to a recovery for damages resulting from the injuries sustained because of the negligent acts of appellant.

The case of Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772, 776, writ dismissed, decided by this court, is in point. The special issue and the charge of the court in connection with it are very similar to those here complained of. The point before us is even stronger in favor of appellant than in the Anderson v. Reichart case. There, his damages were limited to his future pain and suffering directly and proximately resulting from the injuries sustained at the time of the accident, but were not limited to damages sustained, proximately caused by the other party's negligence. We announced in that case what we perceive to be the correct rule, in this language: "We here expressly hold that in suits for damages it is necessary for the charge to limit the recovery to damages directly and proximately caused by the negligent act of the party sought to be charged therefor." The assignment of error raising the point must be sustained.

Appellant's second, third and fifth propositions complain of the giving of special issues Nos. 5, 2 and 4, respectively, because it is claimed they constituted comments by the court on the weight of the evidence; that they assumed the existence of a material and controverted fact, that of the existence of a perpendicular drop or bump in the road, six or eight inches from the top of the concrete bridge to the surface of the dirt approach to the bridge. There is no merit in these contentions. The inquiries complained of do contain language which assumes the existence of the perpendicular drop of seven or eight inches at the bridge, but the issues were submitted conditionally, based upon the finding of the jury in response to issue No. 1, which reads: "Do you find from a preponderance of the evidence that on March 7th, 1936 (the date of the accident), there was a perpendicular drop of seven or eight inches from the top of the culvert to the roadway on the highway where plaintiff claims he was injured?" The question was answered "Yes".

Special issues Nos. 2 and 4 complained of each contain this conditional provision: "If you have answered question one, yes, and only in that event, answer:" Then in issue No. 2, inquiry is made if the defendant was negligent in permitting the perpendicular drop to be and remain in the highway. In issue No. 4 (conditioned as above stated) inquiry is made if the perpendicular drop from the bridge top to the road bed below was hazardous and dangerous to persons exercising ordinary care for their own safety while driving along said highway.

Issue No. 5 inquired if the appellant failed to place warning signs along the highway to notify persons using it of the conditions that existed at the culvert. The complaint is that in the expression used, "conditions that existed at the culvert" assumed that there was something wrong there. When viewed in connection with the conditions under which the questions were to be answered, they did not constitute a comment on the evidence, nor assume that a controverted issue was true.

Proposition 4 further challenges the correctness of special issue No. 4, wherein it inquired if the drop of seven or eight inches from the top of the culvert to the roadbed was hazardous and dangerous to persons using the road while exercising ordinary care. This objection is based upon the contention that there are no pleadings to support such an issue. We have briefly mentioned the pleadings on this point in the first part of this discussion, and find they are sufficient. The contention of appellant is overruled.

Propositions six and twelve complain at the submission of special issue No. 9. This issue reads: "In what amount do you find from a preponderance of the evidence the plaintiff's car was damaged, upon said occasion?" In connection with this issue the court gave an instruction to the effect that the jury could, in arriving at the amount, take into consideration any amount paid by plaintiff, found to be reasonable and necessary, to repair the car to the condition it was in immediately prior to the accident. Sixth proposition assigns as a reason why the issue should not have been given, because there was no evidence to support the inquiry. We find an abundance of evidence in the record to authorize the submission of the issue. No question is raised by appellant that the wrong measure of damages, in this respect, was submitted, and we find it unnecessary to comment on the general rule so frequently announced that the proper measure of damages in such cases is the dif-

ference between the reasonable cash market value of the car, at the time and place, immediately before and immediately after the accident. Certainly, conditions could exist which would authorize the court to measure one's damages by the means employed in this case, if limited to injuries sustained as a proximate result of another's negligence. Twelfth proposition challenges said ninth special issue upon the ground that the damages to the car, inquired about, were not limited to those proximately resulting from appellant's negligence. This involves the same question above discussed under first proposition. They need not be repeated, but the proposition must be sustained.

■ Propositions 7 and 8 are based on assignments of error 12 and 17. They complain of the court's action in declining to receive the jury's first verdict when returned, because there were conflicts in the answers to issues, and because the court gave the jury a written instruction calling their attention to the conflict between their answer to issue No. 10 and those to issues Nos. 2, 3, 6 and 7, and required them to continue their deliberations in an effort to reconcile their answers. The criticism of the charge is that it was a comment upon the weight of the evidence and indicated to the jury that the court desired that they change their answer to issue No. 10, which was on "unavoidable accident", so as to coincide with their findings of negligence upon the part of appellant. There is nothing to indicate that the court had such a preference. It could as well be said that the court desired the jury to change their findings of negligence and harmonize those answers with the finding that it was an unavoidable accident. There was no error in the court's action. Turner v. Missouri K. & T. R. Co., Tex.Civ.App. 177 S.W. 204, writ refused; Wichita Valley R. Co. v. Southern Casualty Co., Tex.Com.App., 284 S.W. 940; St. Louis S. F. & T. R. Co. v. Kaylor, Tex.Com.App., 291 S.W. 216; James A. Dick Co. v. Yanez, Tex.Civ.App., 55 S.W.2d 600, writ refused. The rule announced by us and supported by the cases cited is apparently in conflict with the holding in Union Painless Dentists v. Guerra, Tex.Civ.App., 234 S.W. 688, but that case does not seem to have had the approval of the Supreme Court, as did those cited by us. We believe the rule as stated by us is the correct one, and has the sanction of our Supreme Court.

■ Appellant's 9th proposition, based on its 3rd assignment of error, complains of the action of the court in admitting in evidence an instrument purporting to be a certified copy of the contract between appellant and the State Highway Commission, for the construction of that part of Highway No. 5, on which the accident happened. The document does not appear to have been certified to by any person or public officer and custodian of records, as provided by Article 3720, R.C.S., and, as presented, was not admissible in evidence. It is unnecessary to elaborate on this point further, for, no doubt, upon another trial, if considered important, its authenticity and execution will be properly established. It is contended by appellee that it was offered solely for the purpose of showing that appellant was the contractor, and this fact was later admitted by appellant and a stipulation to the effect entered in the record. The provisions in the contract relating to keeping the road open during construction, of which appellant complains, were improperly before the jury in this case, and we cannot say that it had no harmful effect on appellant's rights.

■■ No error is presented by 10th and 11th propositions, which complain of the giving by the court of special issue No. 15, wherein was submitted the matter of whether or not appellee kept a proper lookout for his own safety as he approached the bridge or culvert in question. In the one proposition appellant complains because the court refused to give its requested instruction on the subject, but we find in the court's main charge an issue in substantially the same language as that requested and refused. There was no error in refusing the requested issue. In the 11th proposition it is urged that the court should have submitted an inquiry, following the question of lookout, conditioned that if the jury should find that appellee failed to keep a proper lookout, then was such failure a proximate cause of his injuries. The jury answered issue 15 that appellant did not fail to keep a proper lookout as he approached the bridge, and under the circumstances in this case a failure to submit the conditional issue proved harmless. The better practice, we think, is not to assume that an answer will be made in a particular way, but to provide

for either contingency. If in this case the jury had answered that appellee failed to keep a proper lookout, which could have been construed as an act of contributory negligence on his part, the court would not have been able to know whether it was a proximate cause of the injury or not. See International Great Northern R. Co. v. Pence, Tex.Civ.App., 113 S.W.2d 206, writ dismissed, and cases there cited.

For the reasons shown, the judgment of the trial court is reversed and the cause remanded. It is so ordered.