## WICHITA TRANSIT CO. v. SANDERS.

### No. 14978.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 29, 1948.

King, Dawson & Jones and Harold Jones, all of Wichita Falls, for appellant.

Allen, Locke & Kouri and W. T. Locke, all of Wichita Falls, for appellee.

SPEER, Justice.

Plaintiff, S. T. Sanders, for himself and as next friend of his minor son, sued defendant, Wichita Transit Company, for damages growing out of an accident in which the minor, Robert Lee Sanders, a six year old boy, was injured. The parties will bear the same designation here as in the trial court, except when clarity requires reference to either the father or child separately.

The record discloses that the accident happened on Holiday Street, which extends north and south. The east end of Blonde Street enters Holiday Street. The east line of Holiday Street is a dead-end of Blonde Street. There is an overhead traffic signal in the center of Holiday Street even with the extended south line of Blonde Street. The accident happened in the area of the intersection of the north line of Blonde Street and the west line of Holiday Street.

Plaintiff charged defendant with several acts of negligence and we need only mention those which were submitted to the jury on special issues. They were: (1) Failure by the driver of the bus to sound a warning signal of his approach; (2) failure to keep a proper lookout; and (3) failure to keep the bus under proper control.

Defendant answered by general denial and by specially denying all of the negligent acts charged by plaintiff, and further alleged that the boy (Robert Lee Sanders) was guilty of contributory negligence proximately causing the accident in (1) failing to keep a proper lookout, and (2) crossing Holiday Street at a point other than at the regular crossing where protecting signal lights had been installed by the City. Defendant further pleaded that the injuries complained of by plaintiff were the result of an unavoidable accident.

At the conclusion of taking testimony, defendant moved for an instructed verdict based upon the assertions that (a) there was no evidence to support a verdict for plaintiff; (b) the evidence was insufficient to support a verdict for plaintiff; and (c) that the great weight and preponderance of the evidence exonerated defendant of negligence. The motion was overruled and special issues were submitted to the jury. The verdict was in all respects favorable to plaintiff. Judgment was entered for plaintiff on the verdict and the defendant has appealed.

Defendant relies upon fourteen points of error. We shall discuss the fourth point first since, as we view the record, it presents an insuperable barrier to an affirmance of the judgment by us. This point complains because the court refused to submit defendant's special issue on unavoidable accident.

■ It is the settled rule in this state that when a defendant pleads unavoidable accident in defense and the evidence raises the issue the court is required to submit the issue and plaintiff must procure by a preponderance of the evidence an affirmative finding that the injuries were not sustained as a result of an unavoidable accident. Defendant contends that the issue was raised by the testimony and plaintiff contends that it was not.

In the instant case the injured child was six years old. His counsel proposed to place him on the stand to testify and asked the court to test his qualification as a witness; defendant's counsel objected to his testifying because of his tender age and then plaintiff's counsel consented that the objection was well taken and did not offer his testimony. Whether or not the acts of such a child as this constitute negligence must be controlled by a proper charge fitted to the situation at hand. Such charge was given in this case and the jury found from the evidence that the little boy did not fail to cross Holiday

Street at the intersection with Blonde Street and that he did not fail to keep a proper lookout in his attempt to cross the street. The jury verdict convicted the defendant of the three acts of negligence previously mentioned and found that each was a proximate cause.

The testimony in respect to the negligence of the bus driver and the lack of contributory negligence by the child was highly contradictory.

The father testified in substance that on the occasion in question he brought his two little boys from home on his truck and drove north on Holiday Street, passing the traffic signal while it was green, going past the north line of Blonde Street about 15 ft. and stopped at the curb on his right hand side; that he told his two little boys to get off the truck on to the sidewalk and go back down to the crossing (about 15 ft.) and wait for the light; that he sat there in his truck and watched the light and when it turned green for the children, he told them to go across; that they obeyed his instruction and as they attempted to cross Holiday Street on their way to school defendant's bus came south on Holiday Street at a rate of speed of about 15 miles per hour and struck the smaller child, Robert Lee Sanders, and that the witness saw the child go under the wheel; that the bus stopped suddenly and the father jumped out of his truck and ran to the bus and helped the little boy from under the left hand side of the bus; the rear wheel of the bus did not reach the child. The older boy, Bernard Roy Sanders, eight years old, testified to substantially the same as did his father with reference to him and his little brother getting out of the truck, coming back to the crossing, waiting for the green light and then attempting to cross the street, as well also that the bus struck the smaller child.

Mr. Stewart, the bus driver, testified very definitely that the front part of his bus did not strike the child; he said in substance that a great many school children rode the bus and that it was his custom to stop at two or three different intersections in that immediate vicinity and that the signal had been sounded by a passenger in the bus to stop at Blonde Street; that he was approaching that point for some little distance at a very low rate of speed, perhaps 8 miles per hour; that he was watching traffic and glanced at his rear view mirror, which stood outside his bus on the left hand side, and saw the two little boys come around the back end of the truck and start across the street; that the rear of his bus at that time was just about even with the front of the truck; that he heard a "thump" and applied his air brakes immediately and stopped suddenly near the curb on his right hand side 20 ft. or 25 ft. from the north line of Blonde Street; he got out of his bus and went around the rear of the bus to its left hand side and the child was partially under the bus in the act of crawling out; that he helped him out and carried him and put him in the truck seat. The witness further testified that the bus was muddy and that hand prints of the boys appeared on the left hand side of his bus and that the hand prints stayed there two or three days before they were washed off; the hand prints were on the emergency door; the emergency door is approximately 8 ft. from the back bumper of the bus. The witness repeated, "I did hear a sound on the side of the bus, yes, sir." The witness promptly called an ambulance and sent the child to a hospital.

A Mr. Littekin, not related to plaintiff or connected with the defendant company, was driving in the immediate vicinity of the accident when it happened and testified that he saw the two little boys get out of the truck, come around behind it and start across the street from the truck with their heads down and run into the side of the bus about one-third of the way from the back end. He said the bus stopped almost instantly after the boys struck the side of the bus.

A Mr. Morgan was a passenger on the bus, sitting on the left hand side, and saw the two boys "kinda" running across the street before the bus got to the signal stop. The bus was traveling about 10 miles per hour and it stopped "just right like that just as soon as they hit the bus." The witness did not see the boy when he hit the bus, he heard them when they hit the side of the bus and said it sounded like

"you just slapped your hand up against the side of the bus." The witness would not attempt to say how far it was from where the bus stopped to the north line of Blonde Street but he did say that it stopped before it reached a grocery store located on the north side of Blonde Street and on the west side of Holiday Street.

A Mr. Harvey testified he was a passenger on the bus at the time of the accident but did not see the boys, yet he remembered the occasion and said the bus stopped about two lengths of the bus before it reached the north line of Blonde Street.

A Mrs. Little, another passenger who did not see the accident, also testified that the bus stopped some little distance before it got to Blonde Street.

We have given these abbreviations of the testimony to show the conflicting nature of the testimony with reference to where and the conditions under which the little boy received his injuries.

Of course if the evidence does not raise the issue of unavoidable accident no such issue should be submitted to the jury; whether or not the issue is raised depends upon the testimony in each case. The test now seems to be that if unavoidable accident is pleaded and there is evidence of probative value that would have supported an affirmative finding to such an inquiry if submitted, then the issue is raised and should be submitted along with proper definitions of the term. It becomes an affirmative defense and defendant is entitled to have it submitted to the jury with the burden of proof placed upon the plaintiff to obtain an answer to the effect that the injury was not the result of an unavoidable accident. This is true notwithstanding the court has submitted negligence of defendant and contributory negligence of plaintiff; the right of defendant to such submission is to be viewed as of the time the issues were submitted and is not dependent upon how the jury may answer inquiries about negligence and contributory negligence. Dallas Railway & Terminal Co. v. Garrison, Tex.Com.App., 45 S.W.2d 183; Greer v. Thaman et al., Tex.Com. App., 55 S.W.2d 519; St. Louis Southwestern R. Co. v. Barr, Tex.Civ.App., 148 S.W.2d 924, writ dismissed, judgment correct; Hicks v. Brown, 136 Tex. 399, 151 S.W.2d 790; Blanton v. E. & L. Transport Co., Tex.Sup., 207 S.W.2d 368.

Plaintiff argues that the issue of unavoidable accident was not raised by the evidence, and hence the issue should not have been submitted and cites, in support of that contention, Hicks v. Brown, supra. A careful reading of that opinion, to our minds, lays down no different rule to that previously announced. Plaintiff relies upon an expression found in the opinion, which reads: "If the evidence does not raise the issue that something other than the negligence of one of the parties caused the injuries, then it does not raise the issue of unavoidable accident." Many more cases could be cited which hold that the evidence did not raise the issue. Indeed it is quite true that the court is never required to submit an issue which is not raised by the pleadings and the evidence. We do not construe the quoted language from the cited case to mean that before the issue is raised the evidence must show that the acts of some person or agency, other than the plaintiff or defendant, caused the injuries, but that it means there must be evidence that something other than the *negligent* acts of one of the parties caused the injuries.

In the instant case, as pointed out above, there was plenty of competent testimony, if believed by the jury, that little Robert Lee Sanders and his brother got out of their father's truck located perhaps fifteen feet from Blonde Street, came around the back end of the truck and started across Holiday Street, with their heads down, walking fast or "kinda running" and struck the side of the bus while it was slowing down for the stop signal, at a distance ranging by estimates of the witnesses from twenty-five feet to two lengths of the bus from the corner; that the children struck the bus on the emergency door about one-third of the distance from the rear to the front of the bus, and left the imprint of their hands on the side of the muddy bus; that the movement of the bus seemed to spin Robert Lee around and he fell partly under the bus; that the

bus stopped suddenly when they struck it and the rear wheels did not reach the child. Under such facts as we have before us the law does not impute negligence as a matter of law to a child of such tender years (admittedly too young to testify) and indisputably possessed of a defective vision. In Wells v. Texas Pacific Coal & Oil Co., 140 Tex. 2, 164 S.W.2d 660, 662, the rule is announced as a familiar one that negligence is never presumed, and that the mere happening of an accident is no evidence at all of negligence.

■ Under the cited authorities, if the requested issue had been submitted with necessary instructions, and answered to the effect that it was the result of an unavoidable accident, the testimony in the case would have supported the verdict; in which event judgment for plaintiff would have been denied. It is our conclusion that the issue of unavoidable accident was raised by the evidence and the requested issue should have been given.

When, as in cases like this, more than one reversible error is presented, the question arises to what extent should the appellate court go in discussing the proceedings had below? It often happens that upon second trials, pleadings are amended and additional testimony is had, and sometimes testimony given upon the first trial is omitted; these things bring about a changed condition. In this case, however, with a desire to be of as much help as we can to the parties and the trial court, we shall hazard the length of this discussion and express ourselves on other points raised at the trial from which this appeal came. Amended pleadings and different testimony may alter the situation from that now before us.

■ Defendant's points 1, 2 and 3 assert error because plaintiff's counsel was permitted, over its objections, while making their opening argument to the jury, to pull up in front of the jury a blackboard, upon which was written in a vertical column the numbers 1 to 9, representing the special issues bearing those numbers with the answer to each written "Yes," and "10 thru 24" showing the answers to be made "No," and to No. 25 "Yes." Coun-sel for plaintiff made frequent references, during his argument, to the blackboard showing the issues and the answers he desired to be made to the respective issues. We are not unaware of the latitude vouchsafed to attorneys in arguing the testimony and their legitimate constructions and interpretations thereof, but we consider the means employed by counsel in this case a dangerous one to be approved by the courts, especially in the manner the blackboard was used and its obvious purpose. While there are matters involved in Triangle Cab Co. v. Taylor, Tex.Civ.App., 190 S.W.2d 755, affirmed by the Supreme Court in 144 Tex. 568, 192 S.W.2d 143, not involved in the case before us, yet those opinions emphasize the dangers of the incident in this case.

■ Points five and six assert error in the explanatory charge given in connection with Special Issue 26, which issue inquired of the amount of damages to be awarded plaintiff. That issue was in the usual and customary form in such cases, giving the date of the accident. The charge in connection with the issue reads: "In answering the foregoing Special Issue (No. 26) you may take into consideration only the physical pain and suffering, if any, suffered by plaintiff, Robert Lee Sanders, in the past, and such suffering and pain, if any, that he will suffer in the future, if you find and believe that he will suffer in the future." The criticism of the explanatory charge is that it did not contain language in connection with future pain and suffering, in some way limiting it to a reasonable probability. The point is well taken and upon another trial should be observed. See Jacobe v. Goings, Tex. Civ.App., 3 S.W.2d 535, writ dismissed; Texaco Country Club v. Wade, Tex.Civ. App., 163 S.W.2d 219.

■ The point further complains because neither the issue nor the charge in any way limited plaintiff's right of recovery to injuries suffered as a result of defendant's negligence. It is the settled rule of law that the charge is to be viewed as a whole and each part considered in connection with other parts and if all considered together a jury could not have been

misled by a part of the charge, no error is shown. Scott v. Gardner, Tex.Civ.App., 159 S.W.2d 121, writ refused W. M., and cases there cited. We have carefully studied the whole charge in this case and have concluded that it fails to limit plaintiff's recovery to damages for injuries sustained as a result of defendant's wrongful acts. See Standard Paving Co. v. Pyle, Tex. Civ.App., 131 S.W.2d 200; Norris Bros. v. Mattinson, Tex.Civ.App., 145 S.W.2d. 204.

Other points of error complain because the court refused defendant's request for a peremptory instruction, total lack of evidence to authorize issues on defendant's negligence, the insufficiency of the evidence for that purpose, excessiveness of the judgment and ruling of the trial court on the admissibility of testimony; these are overruled without further discussion.

For the errors pointed out we conclude that the judgment should be reversed and remanded for another trial. This is our order. Reversed and remanded.