AIRLINE MOTOR COACHES, Inc., et al.
v. GUIDRY et al.

No. 4634.

Court of Civil Appeals of Texas.
Beaumont.

Nov. 2, 1950.

Rehearing Denied Jan. 17, 1951.
Second Motion for Rehearing
March 14, 1951.

Marie Bordages, as defendants. Plaintiff's injuries were alleged to have arisen from a collision between the automobile in which plaintiff was riding, owned by C. P. Bordages and driven by Mrs. Lucee Marie Bordages, and a bus owned and operated by Airline Motor Coaches, Inc. Dixie Motor Coach Corporation was alleged to have purchased the business of Airline Motor Coaches, Inc., after the date of the accident. Plaintiff alleged negligence upon the part of the Airline Motor Coaches' driver and also upon the part of Mrs. Bordages, who was alleged to have been driving the automobile in the furtherance of the business of her husband and herself.

Mr. and Mrs. Bordages brought a cross action against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation for their damages and, likewise, Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation brought an action over against Mr. and Mrs. Bordages for indemnity or contribution.

The jury found the Airline driver guilty of negligence, proximately causing the collision, and also found Mrs. Bordages guilty of negligence; proximately causing the collision. The court, however, entered judgment in accordance with the motion for judgment non obstante veredicto of Mr. and Mrs. Bordages, disregarding the jury findings of negligence on the part of Mrs. Bordages, proximately causing the collision, awarding plaintiff recovery of $6,000.-00 against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation, and awarding Mr. and Mrs. Bordages $4,238.25 against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation. Under the judgment plaintiff recovered nothing from Mr. and Mrs. Bordages and, likewise, Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation were allowed no recovery against Mr. and Mrs. Bordages. Thus, there was a total judgment against appellants, Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation of $10,238.25, plus interest and costs.

After motion for new trial was overruled, appellants duly perfected their appeal to this court.

This cause was submitted to the jury on special issues in the usual manner, and in

---

Strasburger, Price, Holland, Kelton & Miller, Dallas, Everett Lord, Beaumont, for appellant.

Barnes & Barnes and Leonard E. Choate, all of Beaumont, for appellee Jesse Guidry.

Orgain, Bell & Tucker, of Beaumont, for appellees C. P. Bordages and Lucy Marie Bordages.

COE, Chief Justice.

This is a damage suit brought by Jessie Guidry, as plaintiff, against Airline Motor Coaches, Inc., Dixie Motor Coach Corporation, C. P. Bordages and wife, Lucie

answer to such special issues the jury found that the appellant was guilty of the following acts of negligence, each of which was the proximate cause of the collision; that the operator of the bus failed to keep a proper lookout for the automobile driven by Mrs. Bordages; that he was driving said bus at an excessive rate of speed; that it was negligence to drive said bus on the left-hand side of the highway; that he failed to sound an audible signal of his intention to pass the automobile driven by Mrs. Bordages; that he was negligent in attempting to pass the automobile driven by Mrs. Bordages at the time and place in question; that it was negligent in failing to see the dash stripe along the center of the highway. In answer to the issues relative to the alleged acts of negligence on the part of the appellee Mrs. Bordages, the jury refused to find that Mrs. Bordages failed to keep a proper lookout for the bus at the time and on the occasion in question; they refused to find that she turned suddenly in front of the bus at the time and on the occasion in question; they found that Mrs. Bordages failed to give adequate or sufficient signal of her intention to turn at the time and on the occasion in question; that she failed to exercise ordinary care in not giving adequate and ordinary signal of her intention to turn and that such failure was a proximate cause, or contributed to the cause, of the collision in question. They refused to find that Mrs. Bordages failed to look to see if any other vehicle would be affected by changing the course of her automobile at the time and on the occasion in question; they refused to find that Mrs. Bordages failed to give a visible signal of her intention to turn at the time and on the occasion in question; that the manner in which Mrs. Bordages operated her automobile at the time and on the occasion in question was not the sole proximate cause of the collision in question. As to the alleged negligence of the appellee Jessie Guidry, the jury refused to find that Jessie Guidry failed to exercise ordinary care in not warning Mrs. Bordages of the presence of the bus on the highway prior to the collision in question, and further

found that the collision in question was not the result of an unavoidable accident.

Thereafter, Jessie Guidry filed a motion for judgment on the verdict and C. P. Bordages and wife duly and timely filed their motion for judgment on such verdict and in the alternative their motion non obstante veredicto. The trial court overruled the motion of C. P. Bordages and wife for judgment on the verdict and granted their motion for judgment non obstante veredicto, disregarding the findings in response to Special Issues Nos. 26, 27 and 28 of the court's charge. Appellee Jessie Guidry's motion for judgment on the verdict was granted as against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation, but was denied as against C. P. Bordages and wife, Lucie Marie Bordages.

Appellees Bordages' motion for judgment non obstante veredicto fully sets out the reason why the trial court should disregard the findings by the jury to Special Issues Nos. 26, 27 and 28 and sets out their contention in this court in support of the trial court's action in disregarding these findings. For that reason paragraphs 1 to 7, inclusive, of said motion will be set out haec verba:

1.

"That the jury in response to special issues submitted by the court, and particularly Special Issues Nos. 3 through 20, of the court's charge, found that the operator of the Airline Motor Coaches bus on the occasion in question failed to keep a proper lookout, drove said bus at an excessive and negligent rate of speed, was driving said bus on the left hand side of the highway, which was negligence, and negligently failed to sound an audible signal before attempting to pass the automobile driven by Mrs. Bordages and was negligent in attempting to pass Mrs. Bordages at the time and place in question and was negligent in failing to see the dash stripes along the center of the highway and the jury further found that each and all of said acts and negligence proximately caused said collision, and in response to Special Issue No. 39 of the court's charge assessed damages in favor of cross plaintiffs in the

sum of Thirty-five Hundred ($3500.00) Dollars.

### 2.

"Third party defendants and cross plaintiffs further shows unto the court that in response to Special Issues Nos. 26, 27 and 28, of the court's charge the jury found that Mrs. Bordages failed to give a sufficient signal of her intention to turn, and that she failed to exercise ordinary care in not giving an adequate or sufficient signal of her intention to turn, and that such failure to exercise ordinary care proximately caused or contributed to cause said collision. Said jury further found in response to Special Issue No. 31 that Mrs. Bordages did not fail to give a plainly visible signal of her intention to turn at the time and on the occasion in question.

### 3.

"Third party defendants and cross plaintiffs further show to the court that the findings of the jury in response to Special Issues Nos. 26, 27 and 28, should be set aside and disregarded in that under the provisions of the applicable law Mrs. Bordages was only required to give a plainly visible signal of her intention to turn and that she was under no obligation to give any other character of signal. That the Legislature having entered the field and having provided by Section (K) of Article 801 of the Penal Code that the operator of a vehicle should give a plainly visible signal, that such constituted the full duty owed by Mrs. Bordages on the occasion in question and that in response to Special Issue No. 31 the jury found that she did not fail to give the statutory signal. As a matter of law, there being no obligation to give any other character of signal, the jury's answers to Special Issues Nos. 26, 27 and 28, should be set aside and disregarded, there being no obligation to give such a signal as inquired about, and the jury findings attempting to place upon Mrs. Bordages a different obligation than as prescribed by statute, are wholly unsupported by the evidence or the law applicable to this case.

### 4.

"Third party defendants and cross plaintiffs further show to the court that the specific finding of the jury in response to Special Issue No. 31 relative to statutory obligation is controlling over the general and indefinite finding of the jury given in response to Special Issues Nos. 26, 27 and 28, with reference to a sufficient signal, and for this additional reason such indefinite findings with reference to the purely relative matter of a sufficient signal should be set aside and disregarded, and that controlling effect should be given to the specific findings submitting the statutory duty with reference to giving a plainly visible signal. That as a matter of law the only signal required was a plainly visible signal and the jury was not at liberty to hold that a plainly visible signal was not sufficient.

### 5.

"Third party defendants and cross plaintiffs further show to the court that the jury's answer to Special Issue No. 28, should be set aside and disregarded in that under the evidence the failure to give such a signal, if any, could not have been a proximate cause of the collision in question, since said jury found in response to Special Issue No. 31 that Mrs. Bordages did not fail to give a plainly visible signal, and the jury having further found in response to Special Issues Nos. 3, 4 and 5 that the driver of said bus failed to keep a proper lookout for the automobile driven by Mrs. Bordages, and such failure was negligence and a proximate cause of the collision.

### 6.

"There being no duty on the part of Mrs. Bordages to give other than a plainly visible or audible signal, the jury findings in response to Special Issues Nos. 26, 27 and 28 should be set aside and disregarded, in that such issues placed upon Mrs. Bordages the duty of giving some different signal than required by law, and the Legislature having entered the field and prescribed what character of signal should be given, and the jury having found that she did not fail to give the

statutory signal, the findings in response to Special Issues Nos. 26, 27 and 28, attempt to impose a different duty than provided by statute, and as a matter of law the failure to give any other or additional signal could not constitute negligence or a proximate cause of said collision.

### 7.

"Third party defendants and cross plaintiffs further show unto the court that the jury findings in response to Special Issues Nos. 26, 27 and 28, should be set aside and disregarded in order to avoid a conflict with the specific finding made in response to Special Issue No. 31."

Appellants' first two points complain of the action of the trial court in disregarding the findings of the jury in response to Special Issues Nos. 26, 27 and 28, and allowing the appellees, C. P. Bordages and wife, to recover judgment against appellants and denying appellants indemnity and contribution from them. Appellants contend that the jury, in their findings to Special Issues 26, 27 and 28, found that Mrs. Bordages failed to give adequate or sufficient signal of her intention to turn before the collision in question and that such failure was a failure to exercise ordinary care, and that it proximately caused or contributed to the cause of the collision in question; that in view of such findings the judgment in favor of the appellee Jessie Guidry should have been entered jointly and severally against C. P. Bordages and his wife as well as against appellants, Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation, and that judgment should not have been allowed in favor of Mr. and Mrs. Bordages against the appellants.

This accident occurred while Mrs. Bordages was driving her automobile in a northerly direction from the City of Beaumont on what is referred to as the Voth Road or the extension of 11th Street. The place of the accident was some two or three miles outside of the city limits of Beaumont. Mrs. Bordages was driving out to a place she and her husband were having remodeled and for the purpose of carrying Jessie Guidry, the appellee, who was engaged in doing the remodeling work for the Bordages. He was a colored carpenter and under the arrangements he had with the Bordages they were to carry him to his place of work each morning. On the morning of the accident, Mar. 12, 1946, Mrs. Bordages was proceeding northward on said highway with Jessie Guidry and two dogs riding in the back seat and Mrs. Bordages and a pet goat riding in the front seat. The location of her place where Guidry was working was on the west or left-hand side of the highway in the direction she was traveling. Mrs. Bordages, who was driving the automobile, testified that her place and the place where she undertook to make a left-hand turn off the road was in a curve of the road. With reference to giving a signal of her intention to turn the course of her automobile she testified as follows: "Q. Tell the court just exactly what you did? A. Well, I rolled the window down to give my turning signal. I had looked back and there wasn't anything coming and then it was cold and I rolled the window back up before I made my turn." The testimony is rather vague and uncertain as to just when or how far from the point where Mrs. Bordages turned her automobile to the left she was when the signal of her intention to turn was given. It was estimated by Guidry as being "about 100 feet, a good distance." The speed of her automobile just before she undertook to make the turn was estimated by Guidry to be about twenty-five miles per hour until she slowed down to make the turn. The evidence shows that the signal given by Mrs. Bordages was by extending her arm and hand in a horizontal position to her left. The driver of the bus, which was in collision with the Bordages car, testified that he did not see any signal of any kind given by Mrs. Bordages. For how long her arm remained in that position is not shown. Evidently, judging from the speed of the automobile, it must have been withdrawn into the vehicle some little distance from the point where she undertook to make the turn for the reason that she had sufficient time after withdrawing her arm into the automobile to raise the window of the

automobile before she began to make the turn. Just how far her automobile traveled after she had withdrawn her arm from the horizontal position is more or less speculation. However, it must have been for some appreciable distance and, as stated before, the length of time she extended her arm is left purely to speculation. We are of the opinion that this evidence justified the jury in believing that Mrs. Bordages had extended her arm as a signal of her intention to change the course of her vehicle, and that it was visible, but was of the opinion either that she did not extend her arm for an adequate length of time to give a reasonable warning of her intention to turn the course of her vehicle or again they might have believed, and would have been justified in believing, that at the time and place the signal was given was not sufficient or adequate to give notice of her intention to change the course of her vehicle at this particular place. It might be added that the place where she undertook to turn to her left from her right-hand side of the highway was a private entrance to her property. It was neither a street nor a road intersection, and judging from photographs in evidence was hardly noticeable unless attention is expressly called to same. In passing, we note the present statute governing the giving of signal of intention to change the course of an automobile (which was not in effect on the date of this accident) provides in Art. 6701d, § 68, Subsec. (b), Vernon's Ann. Civ.St., as follows: "A signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred (100) feet traveled by the vehicle before turning." It is common knowledge that the public in securing drivers' licenses since this statute took effect in the latter part of 1947 has been educated and required to learn the rules of the road, including this portion of the statute. This is the first time the Legislature has gone into details as to when and for what period of time such signal should be visible. We cannot agree with appellee Bordages' contention that since Mrs. Bordages complied with the criminal stat-

ute, Art. 801(K), Texas Penal Code, which reads as follows: "(K) The person in charge of any vehicle upon any public highway before turning, stopping or changing the course of such vehicle shall see first that there is sufficient space for such movement to be made in safety, and if the movement or operation of other vehicles may reasonably be affected by such turning, stopping or changing of course, shall give plainly visible or audible signal to the person operating, driving or in charge of such vehicle of his intentions so to turn, stop or change said course"; that the jury was unauthorized to say that the signal given was insufficient and inadequate. 42 C.J., Sec. 583, pg. 883, 60 C.J.S., Motor Vehicles, § 248, lays down the rule as follows: "Statutory requirements with respect to the operation of motor vehicles do not abrogate the common-law duties of the owners or operators thereof with respect to persons or property on the highways, but prescribe rules of conduct in addition to, or in excess of, common-law requirements, and a lack of ordinary care is not excused by the circumstance that all expressed statutory requirements have been complied with." See, also, McMath v. Staten, Tex.Civ.App., 60 S.W. 290; Morrison v. Antwine, Tex.Civ.App., 51 S.W.2d 820; Bailey v. Walker, Tex. Civ.App., 163 S.W.2d 864.

■ It follows from what we have said that there is no conflict between the findings to Special Issue 31 and Special Issues Nos. 26, 27 and 28, and that we are of the opinion that the trial court was not authorized to disregard the findings of the jury to Special Issues Nos. 26, 27 and 28 and enter judgment for the appellees, C. P. Bordages and wife, and refuse to enter judgment in favor of the appellee Guidry jointly and severally against the several appellants. We therefore sustain appellants' Points 1 and 2.

■ Appellants' Point No. 3 complains of the form of Special Issue No. 40 in that said submission failed to restrict the damages for future mental pain to such mental pain as in reasonable prob-

ability would be suffered by plaintiff in the future. Issue No. 40 to which this complaint is made reads as follows:

"From a preponderance of the evidence, what sum of money, if any, paid now in cash would reasonably and fairly compensate the plaintiff, Jessie Guidry, for the diminished earning capacity, if any, to labor and earn money in the past, if there has been any in the past, and in the future, if there will be any in the future, and for physical pain, if any, in the past, if there has been any in the past, and in the future, if there will be any in the future, and for mental pain, if any, in the past, if there has been any in the past, and in the future, if there will be any in the future, directly and proximately caused, if you have so found, by the injuries, if any, sustained, if any, by Jessie Guidry in the collision in question?

"You will consider no elements or matters of damages not alleged in plaintiff's pleading and not established by a preponderance of the evidence.

"You will answer the foregoing issue by stating the amount, if any, in dollars and cents, as you may find from a preponderance of the evidence, if any, but if you find that Jessie Guidry sustained no damages, then you will answer 'None'". In support of this point the appellants rely on many cases, including the case of Wichita Transit Co. v. Sanders, 214 S.W.2d 810 by the Court of Civil Appeals of Amarillo, which without any doubt supports appellants' contention. Many other cases are cited pro and con where charges have used the word "may" which has been condemned by many courts as being speculative, and as allowing the jury to deal with possibilities instead of probabilities in awarding damages for future pain and suffering. In the case of Fisher v. Coastal Transport Co., Tex.Sup., 230 S.W.2d 522, 523, which was recently before the Supreme Court, that court held that in a suit for personal injuries, submission of special issues to the jury for the amount of damages that would compensate injured plaintiff for physical and mental suffering "that he may have to undergo in the future as a direct and proximate result of the explosion in question", which did not include the test of "reasonable probability", was error. It will also be noted that in making this holding the Supreme· Court cited the case of Wichita Transit Co. v. Sanders, supra. However, the question as here presented was not in the case of Fisher v. Coastal Transport Co., supra. There the word "'may" was used and here the word "will" was used, which to our minds is a more restricted charge upon the plaintiff's right to recover for future pain and suffering than would be the term "may in reasonable probability suffer." The word "will" has been defined as an auxiliary verb commonly having the mandatory sense of shall or must. It is a word of certainty while the word "may" is one of speculation and uncertainty. See Black's Law Dictionary. We do not want to be understood as condemning the phrase "may in reasonable probability" when used in connection with future pain and suffering. We think this phrase clearly presents the law and is more favorable to the plaintiff than a charge which provides that a jury will only consider such future pain and suffering as the plaintiff "will" suffer. We can easily see how a plaintiff would have a right to complain of a charge which limited his recovery for future pain and suffering to such as the jury might believe from the preponderance of the evidence that he "will" suffer. To our minds this is much more restrictive on the plaintiff's right to recover as the jury is required to find in fact and not a reasonable probability that he will suffer. We realize that this is a close point and we have given it our serious consideration, and even though the Supreme Court has cited the case of Wichita Transit Co. v Sanders, supra, apparently as supporting the conclusion reached by them in the Fisher v. Coastal Transport Company case, supra, yet we cannot and will not say that the charge given in this case or the charge given in the Wichita Transit Co. v. Sanders case is error unless and until the Supreme Court directly condemns it as being speculative and permits a jury to wander at will into the realm of possibilities. It

follows that appellants' Point No. 3 is overruled. The judgment awarding the appellees, C. P. Bordages and wife, Lucie Marie Bordages, damages is reversed and judgment is here entered that they take nothing, and that the judgment awarding Jessie Guidry damages against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation be reformed so as to award the appellee Jessie Guidry judgment for his damages against Airline Motor Coaches, Inc., and Dixie Motor Coach Corporation and C. P. Bordages and wife, Lucie Marie Bordages, jointly and severally. It will be further ordered that the appellants pay one-half of the costs incurred in this appeal and that the appellees C. P. Bordages and wife, Lucie Marie Bordages, pay one-half.

### On Motion for Rehearing.

Appellees C. P. Bordages and wife have filed a vigorous motion for rehearing in which they challenge the soundness of our original disposition of this case and have called our attention to certain errors in our original opinion. These errors will be corrected and the corrected opinion will be substituted for our original opinion. Notwithstanding the vigorous motion for rehearing and the capable manner in which it has been presented, we adhere to our original rulings. These appellees also complain of the failure of this court to specifically pass upon and discuss certain alternative points urged in their brief. These appellees specifically complain of our failure to discuss and specifically pass upon their alternative counter-points Nos. 2, 3 and 4. Appellees Point No. 1 contends that the finding of the jury in Special Issues Nos. 26, 27 and 28 are in irreconcilable conflict with their answer to Special Issue No. 31. We feel that this point was sufficiently discussed in our original opinion and for the reason therein stated the same is overruled. Appellees' alternative Point of Error No. 2 is as follows: "The court committed error to appellees' prejudice in overruling and refusing to sustain its objection to Special Issue No. 26 on the ground that such issue was a repetition of Special Issue No. 31,

and thus a comment on the weight of the evidence and gave undue emphasis to plaintiffs', as well as the original defendants' theory of the case."

Appellees' Alternative Counter-Point No. 3 is as follows: "The court committed error to appellees' prejudice in overruling and refusing to sustain its objections to Special Issue No. 26 on the ground that such issue was too vague and indefinite and made no specific inquiry as to where or at what time or place Mrs. Bordages failed to give any signal." Appellees' contentions are to the effect that the pleadings did not justify the submission of Special Issue No. 26 for the reason that appellants had alleged certain specific acts of negligence, all of which were found in favor of the appellees Bordages and wife, and that the court should not have submitted Special Issue No. 26, which inquired of the jury whether Mrs. Bordages failed to give an adequate or sufficient signal of her intention to turn, before the collision in question, contending that this allegation is purely a general allegation of negligence without specifying in what manner Mrs. Bordages was guilty of negligence; that such issue should not have been submitted to the jury over their objection which will be hereinafter set out, and that, even though the same was submitted and the finding of the jury was against such appellees, the trial court was authorized to disregard such finding on the theory that it was a general finding contrary to the specific findings, and that such general findings of negligence should yield to a contrary finding on specific acts of alleged negligence. In discussing these points we feel that it is necessary to set out certain portions of the pleadings of the parties. The acts of negligence alleged against the appellees Bordages and wife, by the appellants are found in paragraph No. 5 of appellants' answer and cross-action, and are as follows:

"At the time and place of said accident the said automobile belonging to the defendant C. P. Bordages, was being operated and driven by his wife, Lucie Marie Bordages; also defendant herein, in the furtherance of the business of C. P.

Bordages and wife, Lucie Marie Bordages, defendants herein, as set forth herein so as to render the defendants, C. P. Bordages and wife, Lucie Marie Bordages, legally responsible for the negligence of Lucie Marie Bordages, who was operating and driving said automobile on such occasion, and the said defendant, Lucie Marie Bordages, on such occasion, was then and there guilty of acts, wrongs and omissions, each and all amount to negligence, which acts, wrongs, omissions and negligence, jointly and severally, were a proximate cause of such collision and being more particularly set forth as follows:

(a) In failing to keep a proper lookout;

(b) In turning suddenly in front of the bus;

(c) In failing to hold her left arm straight out so as to give a signal of her intention to turn;

(d) In failing to give an adequate or sufficient signal of her intention to turn;

That each and all of the foregoing acts, wrongs and omissions on the part of the said Lucie Marie Bordages, who was then and there driving the automobile belonging to her husband, C. P. Bordages, in the furtherance of the business of the defendants, C. P. Bordages and wife, Lucie Marie Bordages, jointly and severally, proximately caused said collision and the injuries and damages of the plaintiff hereinafter set forth.

And further in this connection, plaintiff would show that under the law of the road of the State of Texas, the defendant, Lucie Marie Bordages, before turning, stopping, or changing the course of her automobile, was first required to see that there was sufficient space for such movement to be made in safety and to give plainly visible or audible signal to any other vehicle which might be affected by such turning, stopping or changing course, and plaintiff would show that defendant, Lucie Marie Bordages, failed to heed or obey the terms and provisions of said law of the road, being Article 801, Subdivision "K", Penal Code, Criminal Statutes of Texas, 1925, in that she did not look to see whether or not any

other vehicle would be affected by the changing of course of her automobile, and further, violated said regulation in not giving plainly visible or audible signal of her intention to turn, and such violation of said statute proximately caused said collision and the injuries and damages to the plaintiff, Jessie Guidry, hereinafter set forth."

To this cross-action the appellees Mr. and Mrs. Bordages filed only a general denial. No exception was made to the allegation as to her failing to give an adequate or sufficient signal or of her intention to turn. The exception made to the submission of this issue to the jury is as follows: "Said issue is too vague and indefinite in that it does not inquire as to where or at what time and place Mrs. Bordages failed to give such signals." As we construe this objection it does not include or cover the complaint that it was submitting a general issue of negligence. As we construe this objection it only complained of the submission of the issue because it did not inquire as to where or at what time and place Mrs. Bordages failed to give such signal. Therefore, we are confronted with the proposition that the appellants plead that Mrs. Bordages failed to give an adequate or sufficient signal of her intention to turn, to which there was no objection on the ground that it was too general, followed by a submission by the court to the jury of such issue without any objection that it was a submission of negligence generally. As we understand the contention of the appellees, we are requested to either affirm or reverse and remand this cause when neither the pleadings nor the charge were objected to for the reasons now urged. Appellees contend that this being a general finding that it must give way to the specific findings, and in support of this contention they cite the case of Harbin v. City of Beaumont, Tex. Civ.App., 146 S.W.2d 297. As we construe the holding in the case of Pearson v. Doherty, by our Supreme Court, 143 Tex. 64, 183 S.W.2d 453, the rule announced in the Harbin case, which followed Cuniff v. Bernard Corp., Tex.Civ.App., 94 S.W.2d 577, also by this court, is overruled.

In the Cuniff case the substance of the holding was to the effect that if the jury makes a specific finding in conflict with the general finding that the specific finding must be given effect. As we understand the opinion in the Pearson case, this ruling is disapproved. We held in our original opinion that the finding of the jury to Special Issue No. 31 was not in conflict with their finding to Special Issue No. 26 and for that reason gave full effect to the jury's findings to Special Issues Nos. 26, 27 and 28. In the event there was a conflict we would not be authorized to disregard the finding to Special Issue No. 26 and give effect to the other findings of the jury on more specific acts of negligence. The rule as announced in the Pearson case, supra, is: "The rule is that there is no priority of findings, either in degree or importance, and where two findings with respect to a material fact are such that both cannot be true, then neither can stand." [143 Tex. 64, 183 S.W.2d 455.]

Appellees' Alternative Point of Error No. 4 is as follows:

"The court erred to appellees' prejudice in overruling and refusing to sustain its objection to Special Issue No. 40 of the court's charge, and particularly to that part which included future mental pain, on the ground that such issue failed to confine the jury to such mental pain as they might find from a preponderance of the evidence Jessie Guidry would in reasonable probability sustain in the future."

We felt that what we said in our original opinion was sufficient to dispose of this point. However, on motion for rehearing the appellees Mr. and Mrs. Bordages urged that their objection to Special Issue No. 40 covered matters which were not discussed by us. Upon an examination of the record we find that Sub-Section c, under objection No. 16, does raise an additional objection to that which is covered by their point of error or the argument under such point. However, after due consideration, we are of the opinion that Special Issue No. 40 to which the objection was lodged is not subject to the objection made. The objection being: "Said instructions do not confine the jury to such mental pain, if any, as they may find from a preponderance of the evidence the plaintiff, Jessie Guidry, will in reasonable probability sustain in the future as a direct and proximate result of the negligence, if any, of the third party defendants." Special Issue No. 40 as submitted to the jury confines the jury to damages resulting from injuries, if any, sustained by Jessie Guidry in the collision in question. Other issues submitted to the jury made inquiry as to whether the collision in question was the result of negligent acts on the part of appellees. The jury having found that the collision in question was the result of the negligent act of these appellees, it necessarily follows that any injuries received by the plaintiff was the result of and proximately caused by the negligence of these appellees as well as the negligence of appellant Airline Motor Coaches. This we feel is sufficient limitation upon the jury in awarding damages to the appellee Guidry as against Mr. and Mrs. Bordages, and that the rule announced in the case of Standard Paving Company v. Pyle, Tex.Civ.App., 131 S.W.2d 200 and the case of Anderson v. Reichart, Tex.Civ.App., 116 S.W.2d 772, and other cases cited by these appellees does not apply.

We feel that what we have said here, together with what we said in the original opinion, sufficiently discusses the points raised; all of appellees Bordages' alternative points of error are overruled and their motion for rehearing is denied.